**Faber, Coe & Gregg, Inc., Plaintiff-Appellee, v. The First National Bank of Chicago, Defendant-Appellant.**

Gen. No. 52,561.

First District.

March 14, 1969.

Paul, Cordell and Hansen, of Chicago (Kenneth G. Arnesen and Frederick W. Damour, of counsel), for appellant.

Slater and Kahan, of Chicago, for appellee.

GOLDENHERSH, P. J.

Defendant, the First National Bank of Chicago, appeals from the judgment of the Circuit Court of Cook County entered upon allowance of plaintiff's motion for summary judgment.

In its complaint plaintiff alleges that it is a New York corporation authorized to do business in Illinois, defendant is a national banking institution, plaintiff was a depositor in defendant's bank, defendant improperly charged plaintiff's account in the amount of $20,350, credited it with $1,882.57 collected from a third party, and plaintiff prays judgment in the amount of $18,467.43 plus interest and costs. Defendant filed a motion to dismiss, the motion was denied, and defendant answered. Attached to the motion was an exhibit which will be later described along with the exhibits attached to defendant's motion for summary judgment.

In its answer defendant admitted it had charged plaintiff's account as alleged, and stated it was based upon

the return to defendant of three checks drawn by Charles R. Ashmann, totalling $20,350, which were unpaid by the drawee banks because of "not sufficient funds"; it credited plaintiff's account with $1,882.57 "which was collected for plaintiff from Charles R. Ashmann" and that "this collection was authorized and accepted by plaintiff."

As separate defenses, defendant alleged that it had been induced to cash checks for Ashmann by various representations of plaintiff's secretary-treasurer who had actual or apparent authority to act for plaintiff, who made such representations in reckless disregard of whether they were true or false, and with the intention that they be relied upon by defendant; that by institution of an action against Ashmann in the United States District Court for the Southern District of Florida based on the same facts here complained of, plaintiff had made an election of remedies which barred recovery here; that the complaint filed in the action in Florida expressly states plaintiff ratified the transaction here complained of.

In the affidavit of Donald Gregg, plaintiff's president, filed in support of its motion for summary judgment, he states that corporate resolutions on file with defendant provide that checks, drafts or other orders for the payment of money drawn in plaintiff's name against funds on deposit with defendant must be signed by any two of three designated corporate officers, and no loans could be made without presenting to defendant certified copies of corporate resolutions authorizing such borrowings; plaintiff's corporate records contain no authorization confirming any responsibility for Ashmann's acts, and no written authorization was given defendant to charge plaintiff's account "with the financial responsibilities incurred by Charles Ashmann."

The discovery deposition of Mark H. Baxter, defendant's Assistant Vice President is attached to Mr. Gregg's

affidavit as an exhibit. Mr. Baxter testified that on July 10, 1963, at about 8:00 a. m. he received a telephone call from an individual who identified himself as Thomas Courtney, plaintiff's treasurer. Mr. Courtney told him Charles Ashmann, an attorney "representing them in a number of matters" was in Chicago; Mr. Ashmann had some checks and Courtney had told him to come to defendant and "he would arrange to have them cashed for him"; the checks were "in the area of $20,000.00"; Baxter told him he would like to call the bank on which the checks were drawn and Courtney stated that was not necessary, he had arranged similar accommodations for Ashmann before, and did not want to embarrass him. Shortly thereafter Ashmann came in and cashed the three checks in question. The checks were put through as cash items and returned "not sufficient funds." There were several telephone conversations with Courtney in one of which "Courtney said they would stand behind the checks." The witness identified several letters written by defendant, and a letter in which counsel for plaintiff advised defendant that Courtney's action was "a mere introduction" of Ashmann to defendant.

Defendant filed a motion for summary judgment supported by the affidavit of Mr. Baxter, which, with some additions contains substantially the same statements as his deposition. Attached as exhibits are a certification of plaintiff's officers, copies of the resolutions described in Mr. Gregg's affidavit, and the complaint filed by plaintiff in the United States District Court in Florida.

Attached to the motion to dismiss above mentioned, is the final judgment order entered in plaintiff's action in the United States District Court.

The complaint filed in the United States District Court of Florida is in two counts. In Count I plaintiff alleged that Ashmann delivered to it five checks drawn by him on the Boulevard National Bank of Miami and payable to plaintiff and Francis J. Gilbride, Jr., its attorney, in

207

payment of an indebtedness due plaintiff, that upon presentment the checks were dishonored and the indebtedness remains unpaid. In Count II, plaintiff alleged, inter alia, that Ashmann had falsely and fraudulently represented to defendant that he represented plaintiff, and that plaintiff was the guarantor of any checks negotiated by plaintiff on defendant, and falsely and fraudulently induced plaintiff to ratify his actions in that regard; that defendant has called on and held plaintiff liable for checks drawn on defendant in the amount of $20,350. In its final order the District Court entered judgment in favor of plaintiff on Count I. As to Count II the order recited:

> "Ordered Judged and Decreed that Count II of the plaintiff's complaint be and the same is hereby dismissed without prejudice."

As grounds for reversal defendant contends that plaintiff, in the action instituted in Florida has made an election of remedies, Ashmann had apparent authority to act for plaintiff, plaintiff has ratified the transaction, the misrepresentations made to defendant by plaintiff's secretary-treasurer Courtney were material, Courtney knew they were false, defendant had no duty to conduct an independent investigation, and the transaction "amounts to fraud or the tort of misrepresentation in a business transaction."

■ ■ The pleadings as drawn do not present the issues of whether defendant might recover from plaintiff for a tortious act, or whether by clothing its alleged agent with real or apparent authority it induced defendant to negotiate Ashmann's checks. The sole issue presented is whether defendant correctly exercised its alleged right of setoff with respect to the funds on deposit. The right of a commercial bank to set off against funds on deposit is not coextensive with its right to recover sums due it. The extent of our review is to deter-

208

mine whether the pleadings, discovery depositions, and exhibits, present a genuine issue of fact material to the question presented. Halloran v. Belt Ry. Co., 25 Ill App 2d 114, 166 NE2d 98.

■■ Illinois follows the rule that a bank cannot apply the deposits of a debtor to an unmatured indebtedness in the absence of express authority so to do. Gillette v. Williamsville State Bank, 310 Ill App 395, 34 NE 2d 552; Elzy v. Morrison, 180 Ill App 711. A matured indebtedness to give rise to a right of setoff must be certain, already reduced to precise figures or capable of being liquidated by calculation without the intervention of a court or jury to estimate them, Thornton v. National City Bank of New York, 45 F2d 127; 1 Morse on Banks & Banking (6th Edition, pp 779-80); Michie on Banks and Banking, Permanent Edition, Volume 5A, p 299. Defendant's claim against plaintiff, as delineated by its answer, does not fall within the definition of a matured indebtedness.

■ Relying upon Restatement of the Law of Agency Second, § 97 (p 250) defendant contends that plaintiff ratified Ashmann's acts. In further support of its argument defendant reviews plaintiff's efforts to recover from Ashmann and its delay in filing this action. The effect of plaintiff's instituting suit in Florida will be considered later, and at this point, we shall dicuss the alleged ratification arising from other actions of the plaintiff.

The relationship between plaintiff and defendant as depositor and bank was contractual, and plaintiff's funds on deposit could be paid out only upon the signatures of two of the officers designated in its corporate resolutions on file with defendant. The formal requirements of ratification are stated in 3 American Jurisprudence Second Edition at page 551 as follows:

"Since it is the equivalent of prior authority, the ratification of an unauthorized act must be of the

209

particular mode or form necessary to confer authority to perform it in the first place. A ratification cannot stand on higher ground than an original authorization, and where, therefore, the adoption of any particular form or mode is necessary to confer the authority in the first instance, there can be no valid ratification except in the same manner."

The record leaves no question that plaintiff did not, by corporate resolution, ratify Ashmann's acts. Neither the allegation of ratification in the complaint filed in the District Court in Florida nor any other action of plaintiff reflected by the record is a ratification of Ashmann's transaction sufficient to entitle defendant to setoff against plaintiff's funds.

There remains for consideration the question of whether plaintiff, in seeking to recover from Ashmann in Count II of its Florida complaint, made an election of remedies which bars this action. It is plaintiff's position that the law of Florida is applicable, while defendant contends that the issue must be determined under the law of Illinois.

We shall not attempt to discuss, distinguish or reconcile the cases in Illinois. In 6 ALR2d, in discussing the holdings of the various jurisdictions as to whether commencement of a suit, not prosecuted to judgment, is of itself a conclusive election precluding a litigant from thereafter pursuing an inconsistent remedy, the annotator, at page 70 states:

"In Illinois no case stating a general rule on the subject of this annotation has been found; and none can safely be deduced from the cases involving particular remedies, since, if tested by a general rule, some of these cases would support an inference that the commencement of a suit is, of itself, a conclusive election, and other cases would support an opposite inference."

■ From our review of the authorities we believe the Illinois cases to be in agreement with the United States Court of Appeals for the Seventh Circuit, who said in National Lock Co. v. Hogland, 101 F2d 576, at page 587, and in Federal Savings & Loan Ins. Co. v. American Nat. Bank & Trust Co. of Chicago, 392 F2d 906 at page 912:

> "The formal doctrine of election of remedies by judicial decision has been confined gradually to its true remedial purpose as a doctrine of substance; and as stated by an eminent authority on trusts and trustees, should be confined to cases 'where (1) double compensation of the plaintiff is threatened or (2) the defendant has actually been misled by the plaintiff's conduct or (3) res adjudicata can be applied.' Bogert, Trusts and Trustees, 1935 Vol IV, § 946."

The record reveals no threat of double recovery by plaintiff, no evidence that defendant was in any manner misled by plaintiff's conduct in filing Count II in its Florida suit, and no basis for application of res judicata. We hold, therefore, that under Illinois law there was no election of remedies which would bar plaintiff's recovery in this action.

The Florida rule appears to be that the mere filing of an action which is dismissed before judgment does not effect an election of remedies, and to be conclusive the rights of the parties must have been materially affected to the advantage of one and the disadvantage of the other. Williams v. Robineau (Supreme Court of Florida), 168 So 644; Williams v. Duggan (Supreme Court of Florida), 153 So2d 726. Under Florida law there was here no election of remedies which would bar this action.

Because of the conclusions reached with respect to the law of Illinois and Florida, it is not necessary to decide which law governs in this instance.

211

What we have said does not indicate any opinion with respect to defendant's right to recover from plaintiff in tort, or upon any other theory. We hold only that the record shows no genuine issue of fact material to the question presented, i. e. did defendant improperly set off its claim against plaintiff's funds on deposit?

For the reasons set forth the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.