ARTHUR KATZ, d/b/a Montrose Municipal Market, Plaintiff-Appellant, v. BELMONT NATIONAL BANK OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 83—376

Opinion filed February 15, 1984.—Rehearing denied March 21, 1985.

Sapoznick, Sheridan & Freidin, of Chicago (Robert P. Sheridan and John C. Vojta, of counsel), for appellant.

David A. Weininger, of Teitelbaum, Wolfberg, Guild & Toback, P.C., of Chicago (Gregory L. Tumbarello, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this class action suit against defendant, Belmont National Bank, seeking to recover funds he gave to a depositor of defendant bank. The trial court granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied plaintiff's request for leave to amend the complaint. Plaintiff appeals.

Plaintiff and other class members are small business owners who contracted with Controls for Industry, Inc. (CFI), a company which provides payroll services for a fee. For each pay period, plaintiff would forward a check to CFI and it in turn would deposit the check in its account at the defendant bank. CFI would make the necessary deductions and issue checks to the employees drawn on its account. Approximately 136 businesses availed themselves of CFI's services.

In May 1982, plaintiff forwarded a check to CFI, and CFI issued checks to plaintiff's employees. When the checks were presented, however, they were dishonored by defendant for insufficient funds. Similar events occurred with the other members of the class and their employees. CFI subsequently filed for bankruptcy, and plaintiff brought this suit.

Plaintiff's complaint averred that CFI held his funds in trust, that

defendant knew the nature of CFI's business and the relationship between plaintiff and CFI, and that defendant converted and unlawfully disposed of plaintiff's funds. At the hearing on the motion to dismiss, plaintiff's counsel stated that his investigation revealed that CFI had not drawn any checks, other than the dishonored payroll checks, but over $1 million is missing from the account. Since only CFI had access to the account, plaintiff concluded that defendant took the money. At the hearing, the trial court initially granted plaintiff's request for discovery, but when defendant objected to the discovery request as onerous, the trial court decided to allow defendant's motion to dismiss the complaint. The trial court also denied plaintiff's motion for leave to file an amended complaint.

A dismissal under section 2—615 of the Code of Civil Procedure raises the legal sufficiency of the complaint. (*Richards v. Leimbacher* (1971), 131 Ill. App. 2d 775, 267 N.E.2d 523; Ill. Rev. Stat. 1981, ch. 110, par. 2—615.) The complaint must contain a plain and concise statement of plaintiff's cause of action, and must reasonably inform defendant of the claim against him. (Ill. Rev. Stat. 1981, ch. 110, pars. 2—603(a), 2—612(b).) On appeal of the dismissal, all well-pleaded facts must be taken as true and all reasonable inferences are drawn in plaintiff's favor. *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.

The trial court determined that plaintiff did not state a cause of action in conversion against defendant. In denying leave to amend, the court apparently decided because there was no relationship between plaintiff and defendant that no valid cause of action could ever be stated. We do not agree.

A complaint for conversion must allege plaintiff's right in the property and to immediate possession; a demand by plaintiff for possession; and unauthorized assumption of control or ownership by defendant over the property of plaintiff. (*Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 395 N.E.2d 1103.) Plaintiff's complaint sufficiently alleged his right of ownership in the property when he stated that he gave the money to CFI solely for disbursement to plaintiff's employees. The pleadings indicate that plaintiff was not giving up his ownership rights but merely was entrusting his funds to CFI. Defendant's response that plaintiff has failed to establish a trust relationship between himself and defendant misstates plaintiff's position.

We do not believe the fact that defendant's relationship with CFI was that of creditor and debtor and that defendant had no relationship with plaintiff and the other class members is dispositive

of the present action. It is well established that a bank may set off its customer's account for debts owed to the bank. (*Kerner v. Kinsey* (1943), 384 Ill. 180, 51 N.E.2d 126; *Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497.) It is equally well established that a bank's right of setoff is not co-extensive with its right to recover. (*Faber, Coe & Gregg, Inc. v. First National Bank* (1969), 107 Ill. App. 2d 204, 246 N.E.2d 96.) Where the bank has knowledge that funds belong to a third party, or are held in trust for a third party, its right to setoff is limited. (*Clemmer v. Drover's National Bank* (1895), 157 Ill. 206; *Kamfner v. Auburn Park Trust & Savings Bank* (1931), 344 Ill. 200, 176 N.E. 363; *Bonhiver v. State Bank* (1975), 29 Ill. App. 3d 794, 331 N.E.2d 390; *Live Stock Exchange, Inc. v. State Bank* (1928), 249 Ill. App. 44.) Knowledge of the depositor's business in handling the funds of third parties may be sufficient to put the bank on notice of the interest of such third parties. *Union Stock-Yards National Bank v. Gillespie* (1890), 137 U.S. 411, 34 L. Ed. 724, 11 S. Ct. 118; *Kamfner v. Auburn Park Trust & Savings Bank; In re Tonyan Construction Co.* (Bankr. N.D. Ill. 1983), 28 Bankr. 714.

■ The complaint here specifically alleges the nature of CFI's business in providing payroll services, as well as alleging defendant's knowledge of CFI's business. Although plaintiff was denied discovery and leave to amend his complaint, the colloquy at the hearing revealed that it was undisputed that CFI had not withdrawn money from its account and that defendant took the money, an inference included in the pleadings. The complaint alleged a valid cause of action for conversion against defendant.

Our holding does not place a significant burden on defendant. It is applicable only in those rare instances when a plaintiff alleges and, of course, later when he proves that the bank has knowledge that the funds belong to a third party. In *Union Stock-Yards National Bank v. Gillespie* (1890), 137 U.S. 411, 34 L. Ed. 724, 11 S. Ct. 118, the United States Supreme Court used language pertinent to the present case:

> "We do not mean to be understood as implying that a bank receiving deposits from one whom it knows to be in the commission business receives every deposit in trust for any unknown principal. A bank is not a sponsor for all its depositors, although it may know the character of their business. Its relations to its depositors are those of debtor; and, generally, receiving and paying out money on the checks of its depositors, it discharges the full measure of its obligations. It is not ordinar-

ily bound to inquire whence the depositor received the moneys deposited, or what obligation such depositor is under to other parties. It is only when there gather around any deposit, or line of deposits, circumstances of a peculiar nature, which individualize that deposit or line of deposits, and inform the bank of peculiar facts of equitable cognizance, that it is debarred from treating the deposit as that of moneys belonging absolutely to the depositor." 137 U.S. 411, 416, 34 L. Ed. 724, 726, 11 S. Ct. 118, 119-20.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY, J., concurs.

JUSTICE RIZZI, dissenting:

I would affirm the trial court's ruling in this case because I do not believe that plaintiff can maintain a cause of action based upon the facts alleged in the complaint and because there is no proposed amendment to the complaint in the record on appeal.

The relationship between a bank and its depositor is that of debtor and creditor (see *Paskas v. Illini Federal Savings & Loan Association* (1982), 109 Ill. App. 3d 24, 31, 440 N.E.2d 194, 198-99), not of agent and principal, or trustee and beneficiary of a trust. The contract between the two controls their relationship. The bank agrees with its customer to receive the customer's deposit, to account to the customer for the deposit, to repay the deposit on demand, and to honor the customer's checks when presented. The bank is liable to the customer for any breach of the contract based upon that relationship. However, the money deposited becomes absolutely the property of the bank, impressed with no trust, and the bank may dispose of it at its pleasure subject only to its personal obligation to the depositor to pay an equivalent sum upon his demand. The right of the bank to use the money for its own benefit is the very consideration for its promise to the depositor. H. Bailey, Brady on Bank Checks sec. 4.1 (5th ed. 1979).

Here, the facts alleged in the complaint show that CFI deposited funds into its account at Belmont National Bank. Plaintiff was not a

party to that account. In my judgment, since the only relationship which existed between Belmont National Bank and CFI was that of debtor-creditor, plaintiff cannot maintain a cause of action for conversion against Belmont National Bank regarding the application of funds in CFI's account with the bank.

Accordingly, I would affirm the ruling of the trial court.