THE COUNTY OF KNOX, Plaintiff-Appellant, v. LEO M. SWITZER, JR., Defendant-Appellee.

Third District   No. 3—87—0076

Opinion filed October 15, 1987.

STOUDER, J., dissenting.

Jonathon T. Schlake, Assistant State's Attorney, of Galesburg, for appellant.

Craig Collins, of Galesburg, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

On its own motion with leave to amend, the trial court dismissed the amended petition that plaintiff, County of Knox (the county), had filed to compel the defendant, Leo M. Switzer, Jr., and others not parties to this appeal to demolish a burned building. After the amendment deadline had lapsed, the court refused to reconsider or supplement its decision. The county appealed. This court found no appealable orders and *sua sponte* dismissed the appeal. (*County of*

*Knox v. Switzer* (1987), 151 Ill. App. 3d 873, 503 N.E.2d 841.) Subsequently, the trial court found that the county had elected to stand on its pleadings, and dismissed the cause with prejudice. From that order, the county appeals arguing that the trial court erroneously dismissed its properly pleaded cause of action. We disagree.

The county petitioned the court pursuant to section 25.24 of "An Act to revise the law in relation to counties" (the statute) to order the plaintiff to demolish or repair his dangerous and unsafe or uncompleted and abandoned building. (Ill. Rev. Stat. 1983, ch. 34, par. 429.8.) The county contended that subsequent to a destructive fire, the plaintiff had neither secured nor cleaned the premises. The county further alleged that its board had deemed the building dangerous, unsafe, and abandoned and had ordered it either repaired or demolished, removed and covered and/or landscaped within 15 days. In dismissing the county's amended complaint, the court interpreted paragraph two of the statute as a qualification rather than an alternative for relief.

■■ ■ A dismissal due to deficient pleadings raises the issue of legal sufficiency of the complaint, *i.e.*, whether the plaintiff plainly and concisely stated a cause of action and reasonably informed the defendant of the adverse claim. On appeal, all well-pleaded facts are presumed true and all reasonable inferences are drawn in the plaintiff's favor to ascertain whether any set of facts could warrant recovery. (*Katz v. Belmont National Bank* (1984), 130 Ill. App. 3d 1094, 475 N.E.2d 543; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) Nothing, however, excuses failure to allege facts to support conclusions that wrongful acts occurred. *Gagne v. Village of La Grange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108; *Atwood Vacuum Machine Co. v. Continental Casualty Co.* (1969), 107 Ill. App. 2d 248, 246 N.E.2d 882.

The introductory paragraph of the statute provided that 15 days after notice by mail, a county board may petition the court to cause or actually demolish or repair certain persisting dangerous and unsafe or uncompleted and abandoned buildings. The second paragraph of the statute further authorizes county officials, after due notice, to seek an order requiring that buildings comply with health or safety ordinances. Ill. Rev. Stat. 1983, ch. 34, par. 429.8.

■ After carefully considering the county's amended complaint, we find no set of pleaded facts that could have reasonably informed the defendant of the adverse claim. Due to fire destruction, the county concluded that the defendant's violative building was dangerous and unsafe or uncompleted and abandoned. No facts supported those alternative conclusions. Instead, the county simply alleged that

15 days after written demand to either demolish or render the premises safe and clean, it was entitled to seek authority to destroy or repair the demised structure. Whether the county was pursuing authority to demolish or repair the building, to force compliance with pertinent health or safety ordinances, or a hybrid of those two remedies is immaterial. Under any of those theories, we find that the deficient complaint unexcusably failed to state a cause of action. The county chose not to avail itself of ample opportunities to again amend its petition. Under these circumstances, we find no abuse of discretion that allows us to disturb the court's appropriate dismissal with prejudice. See *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

Accordingly, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

BARRY, P.J., concurs.

JUSTICE STOUDER, dissenting:

I must respectfully dissent from the opinion reached by my colleagues. An examination of the statutory language as well as the facts of this case leads me to conclude that the county's petition was sufficient to provide adequate notice to the defendant.

As both parties to this appeal have pointed out, the statute is comprised of two paragraphs. The first, relating to the petitions which a county may file in seeking the demolition or repair of dangerous or unsafe buildings and the second, which deals with the county's ability to seek an injunction to compel an owner of a building to comply with county health and safety ordinances. The requirement that the county inform the owner of the specific ordinances which their building violates in order to secure an injunction is conspicuously absent from the preceding demolition and repair paragraph.

As a practical consideration, it would be a matter of common sense that if a county were seeking compliance with local ordinances regarding health and safety in a building that may be lacking in certain aspects, then it must state with specificity the ordinance with which the building does not comply in order to alert the owner of what repairs must be effected. However, as in this case, where a building has been totally or partially destroyed by fire, notice as to every minimum standard violation could be so extensive that the petition for demolition would be voluminous.

There seems to be little argument that the statute is not clearly drafted. As pointed out by the county, similar provisions are contained in sections 11—31—1 and 11—31—2 of the Illinois Municipal Code. (Ill. Rev. Stat. 1985, ch. 24, pars. 11—31—1, 11—31—2.) The first paragraph of the statute in question is contained, essentially identical in substance, in section 11—31—1 and the second smaller paragraph, also essentially the same in substance, is contained in section 11—31—2.

No help is gleaned from examining the cases decided under section 11—31—1 to determine if actual notice of ordinance violations is required to establish a sufficient pleading. However, it is interesting to note that there is no reference in either section 11—31—1 or section 11—31—2 which would require the specific ordinance notice required under section 11—31—2 to be utilized in framing a petition under section 11—31—1. An identical situation exists in regard to the two paragraphs of the statute in question on this appeal. There is no mention that the requirements for an injunction are necessary for a petition for demolition, and absent such a directive by the legislature, we should be loathe to read in such a requirement.

Additionally, I find no merit in the defendant's assertion that the petition contains statements of conclusion rather than allegations of fact. The majority has correctly stated the rule that, on appeal, all well-pleaded facts are presumed true and all reasonable inferences are drawn in the plaintiff's favor to ascertain whether any set of facts could warrant recovery. (*Katz v. Belmont National Bank* (1984), 130 Ill. App. 3d 1094, 475 N.E.2d 543.) The county's petition stated that the house had been destroyed by fire and that no effort had been made to put it in a safe and clean condition. The petition also set out the 15-day statutory notice requirement and that the defendant had failed to commence proceedings to either repair or demolish the building. On this basis, I am hard pressed to conclude that the county's assertions in their petition constitute a conclusion and not an allegation of fact.

Finally, I find it difficult to accept the defendant's argument that the county's petition was unsupported by specific factual allegations since the defendant was able to draft both a motion to dismiss and his affirmative pleadings from the information supplied via the petition for demolition.

Therefore, I would reverse the decision of the trial court and remand the case for trial.