2023 IL App (1st) 221398-U

No. 1-22-1398

Order filed September 13, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LEVADA JOHNSON, MARY JOHNSON, and DOROTHY YATES, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) | |
| | ) | No. 20 CH 7462 |
| v. | ) | |
| | ) | Honorable |
| AMERICAN ADVISORS GROUP, | ) ) | Caroline K. Moreland, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE R. VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's dismissal of plaintiffs' amended complaint because their claims are barred by the statute of limitations.

¶ 2    Plaintiffs Levada Johnson, Dorothy Yates, and Mary Johnson appeal from the dismissal of

their amended complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS

5/2-619(a)(5) (West 2020)).[1] The circuit court dismissed plaintiffs' claims for declaratory judgment as barred by the general civil five-year statute of limitations pursuant to section 13-205 of the Code. *Id.* § 13-205. On appeal, plaintiffs argue that the circuit court erred because the statute of limitations does not apply to their declaratory judgment claims. They also argue that even if the statute of limitations applies, the discovery rule and continuing violation rule tolled the statute of limitations. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiffs allege defendant American Advisors Group (AAG), among others, and one of its agents, Mark Diamond, engaged in a fraudulent reverse mortgage scheme to take plaintiffs' homes.[2] Diamond is a formerly licensed mortgage broker and home improvement contractor; AAG is a provider of reverse mortgages. A reverse mortgage is a loan secured by a homeowner's equity in their real property. 765 ILCS 945/5 (West 2020). The homeowner is not required to pay the loan back until the entire loan has been disbursed. *Id.* If the homeowner is unable to pay the loan back at the time the loan becomes due, the lender may seek foreclosure and take possession of the home. *Id.*

¶ 5      Plaintiffs filed their initial complaint on December 23, 2020, and filed an amended complaint on July 16, 2021. Essentially, plaintiffs sought declaratory judgment that their reverse mortgages were void because they were fraudulently procured. They also requested an order directing defendants to return the titles to plaintiffs' homes.

---

[1] Because Levada Johnson and Mary Johnson share the same last name, we refer to plaintiffs by their first names.

[2] Diamond is not party to this appeal and his agency status is not at issue here.

¶ 6    Levada alleged that, in the spring of 2013, Diamond offered to renovate her home at no cost, purportedly pursuant to a federal program that would pay for the renovations. In the summer of 2013, she signed documents that Diamond claimed were necessary to participate in the program. One of these documents was a reverse mortgage with AAG that Levada signed on July 11, 2013. According to Levada, when AAG issued a reverse mortgage payment check to her, Diamond demanded that she sign it over to him. Levada signed the check over to Diamond because Diamond claimed Levada would have to pay for the home renovations herself if she refused. Levada alleged Diamond did not complete renovations to her home and later learned that the home renovation reimbursement program that Diamond described did not exist.

¶ 7    Dorothy alleged that Diamond proposed she finance the renovation of her closets and kitchen floor with a reverse mortgage. Dorothy signed a reverse mortgage during a meeting with Diamond on August 12, 2015. According to Dorothy, Diamond did not explain the details of what she was signing, nor did he fully explain the reverse mortgage process. Diamond only told Dorothy that she would receive money every year from the reverse mortgage. When Dorothy asked Diamond why she was not receiving reverse mortgage payments, Diamond claimed the money was funding renovations to her home. Dorothy alleged that Diamond renovated her closet and kitchen floor, but did so with poor workmanship.

¶ 8    Mary alleged that, in 2014, Diamond offered to provide free home renovations if she signed certain paperwork. On October 8, 2014, Mary signed a reverse mortgage with a mortgage lender called Top Flite, which was later transferred to AAG. Mary also alleged that Diamond "filed a construction contract" against her house before the reverse mortgage closing. On October 15, 2014, Mary signed a document that assigned $30,900 of her reverse mortgage payments to Peszko

Construction, a company that Diamond owned. Mary alleged that Diamond performed incomplete and low-quality work on her home.

¶ 9    AAG moved to dismiss plaintiffs' claims pursuant to section 2-619.1 of the Code of Civil Procedure.[3] 735 ILCS 5/2-619.1 (West 2020). Relevant here, AAG argued the circuit court should dismiss plaintiffs' claims pursuant to section 2-619(a)(5) (735 ILCS 5/2-619(a)(5) (West 2020)) because the five-year statute of limitations for fraud claims applied to plaintiffs' declaratory judgment claims premised on allegations of fraud. Specifically, AAG argued that the statute of limitations on Levada's claims began to run no later than July 2013, when she signed her reverse mortgage check over to Diamond, and expired in July 2018. AAG contended that the statute of limitations on Dorothy's claims began to run no later than August 2015, when she asked Diamond why she was not receiving reverse mortgage payments, and expired in August 2020. AAG asserted that the statute of limitations on Mary's claims began to run when she signed her reverse mortgage on October 8, 2014, and failed to investigate further after Diamond did not make any repairs in 2015. According to AAG, the statute of limitations on Mary's claims expired in 2020 at the latest.

¶ 10    Levada and Dorothy argued that the statute of limitations did not apply to their declaratory judgment claims because those claims were preemptive affirmative defenses to foreclosure actions they anticipated AAG would file against them. They further argued that, even if the statute of limitations did apply, they timely filed their complaint because they did not discover that defendants had defrauded them until July 2016, when a court ordered Diamond to pay restitution to other victims. Pursuant to the discovery rule, Levada and Dorothy assert that the five-year statute

---

[3] Only AAG moved to dismiss the claims now on appeal. Diamond did not take part in AAG's motion.

of limitations on their claims did not expire until July 2021. Levada and Dorothy also argued that the continuing violation rule tolled the statute of limitations because their reverse mortgages were still in effect. Mary contended that the discovery rule tolled the statute of limitations on her claims and requested leave to plead additional facts regarding when she discovered defendants' fraud.[4]

¶ 11    The circuit court rejected Levada and Dorothy's argument that the statute of limitations did not apply to their declaratory judgments claims. The court explained that "ample Illinois case law" applied the five-year statute of limitations to declaratory judgment actions, citing *Toushin v. Ruggiero*, 2015 IL App (1st) 143151, ¶ 47. The court determined that the general civil five-year statute of limitations applied to declaratory judgment actions premised on fraud. The court held that the statute of limitations on Levada's claims started to run in July 2013, when she discovered that Diamond induced her into obtaining a reverse mortgage and then signed her reverse mortgage check over to him. The court also held that the statute of limitations started to run on Dorothy's claims on August 12, 2015, and that it started to run on Mary's claims on October 8, 2014, when they signed their reverse mortgages. Because plaintiffs filed their initial complaint on December 23, 2020, more than five years after the statutes of limitations began to run, the circuit court found plaintiffs' claims were untimely.

¶ 12    Plaintiffs filed a motion to reconsider.[5] They argued that the court failed to construe their declaratory judgment claims as affirmative defenses to which the statute of limitations did not apply and erroneously treated those claims as common-law fraud claims. Additionally, plaintiffs

---

[4] However, Mary failed to provide a proposed amendment. Although the circuit court did not address her request, she did not bring up her request again, either in her motion to reconsider or on appeal.

[5] Plaintiffs also requested leave to plead a claim to quiet title in a footnote to the motion to reconsider. To the extent that plaintiffs now ask for leave to add such a claim, they have forfeited that argument because they raised it for the first time in their motion to reconsider. See *Vantage Hospital Group, Inc. v. Q Ill Development, LLC*, 2016 IL App (4th) 160271, ¶ 47.

contended there were "question[s] of material fact" about when they discovered that AAG and Diamond defrauded them. AAG argued that plaintiffs' declaratory judgment claims were not affirmative defenses because they sought relief; namely, voiding the reverse mortgages. In the alternative, AAG contended that, even if the declaratory judgment claims were affirmative defenses, they were subject to the same five-year statute of limitations as common-law fraud claims. AAG also argued that the circuit court correctly applied the discovery rule based on the dates alleged in plaintiffs' amended complaint.

¶ 13    The circuit court denied plaintiffs' motion to reconsider and explained that it "determined that each of the plaintiffs knew or reasonably should have known that they were executing reverse mortgages more than five years before" filing suit. The court clarified that it applied the five-year statute of limitations for common-law fraud to plaintiffs' fraud-based declaratory judgment claims and rejected plaintiffs' argument that the declaratory judgment claims were "affirmative defenses." It explained that plaintiffs only cited cases which addressed affirmative defenses raised by defendants in response to being sued, not declaratory judgment actions brought by plaintiffs. The court reasoned that, although the Code of Civil Procedure allows a *defendant* to "plead a set-off or counterclaim barred by the statute of limitations," it does not allow a *plaintiff* to plead a claim barred by the statute of limitations. 735 ILCS 5/13-207 (West 2020).

¶ 14    Plaintiffs timely appealed.

¶ 15                                II. ANALYSIS

¶ 16    On appeal, plaintiffs contend that the circuit court erred in granting AAG's motion to dismiss. Specifically, plaintiffs argue that the statute of limitations does not apply to their declaratory judgment claims because those claims are preemptive affirmative defenses to

anticipated foreclosure actions. Plaintiffs also contend that the discovery rule and the continuing violation rule tolled the statute of limitations on their claims.

¶ 17    The circuit court dismissed plaintiffs' claims pursuant to section 2-619(a)(5) of the Code of Civil Procedure. A motion to dismiss pursuant to section 2-619(a)(5) asserts that "the action was not commenced within the time limited by law," *i.e.*, that the claim is barred by the statute of limitations. 735 ILCS 5/2-619(a)(5) (West 2020). In deciding a motion to dismiss, the circuit court must construe all pleadings and supporting documents in the light most favorable to the nonmoving party and must accept as true all well-pled facts in the complaint, as well as any reasonable inferences from those facts. See *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995). We review the dismissal of claims pursuant to section 2-619(a)(5) *de novo*, meaning that we perform the same analysis as the circuit court. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254 (2004); see also *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008) (applicability of statute of limitations reviewed *de novo*).

¶ 18                          A. Applicability of the Statute of Limitations

¶ 19    Plaintiffs first argue that their declaratory judgment claims are, in fact, preemptive affirmative defenses to foreclosure actions that AAG will inevitably file against them, so the statute of limitations does not apply at all.[6] Plaintiffs contend that AAG will likely seek to foreclose on the reverse mortgages when they die because AAG has pursued foreclosure actions against other plaintiffs in similar circumstances. See, *e.g.*, *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 3 (AAG's foreclosure action against the estate of Walker Williams Sr., deceased); *American Advisors Group v. Cockrell*, 2020 IL App (1st) 190623, ¶ 12 (AAG's foreclosure action

---

[6] AAG has not filed foreclosure actions against any of the three plaintiffs.

against Bruce Cockrell's widow, Eloise). On the one hand, plaintiffs assert that they are not seeking any affirmative relief beyond clarifying their property rights and defeating AAG's eventual foreclosure actions. However, they also ask the court to declare the reverse mortgages were fraudulently induced and void and to direct defendants return the titles to plaintiffs' homes.

¶ 20    As an initial matter, we note that Mary did not raise this argument in her response to AAG's motion to dismiss. Rather, she raised it for the first time in plaintiffs' motion to reconsider. A plaintiff may not raise a new legal theory for the first time in a motion to reconsider after her complaint is dismissed. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. Mary has forfeited this argument. We address this argument with respect to only Levada and Dorothy.

¶ 21    A declaratory judgment action under section 2–701 of the Code of Civil Procedure allows the circuit court to "make binding declarations of rights, having the force of final judgments." 735 ILCS 5/2–701 (West 2020). Declaratory judgment actions require " '(1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests.' " *Toushin*, 2015 IL App (1st) 143151, ¶ 44 (quoting *Beahringer v. Page,* 204 Ill. 2d 363, 372 (2003)). As noted above, plaintiffs contend that their declaratory judgment claims are actually affirmative defenses to AAG's eventual foreclosure actions. An affirmative defense admits the legal sufficiency of a plaintiff's claim but asserts new matter that defeats the claim. *Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 14.

¶ 22    We find that plaintiffs' declaratory judgment claims are not affirmative defenses because they seek relief beyond defeating AAG's anticipated foreclosure actions. See *Carmichael v. Union Pacific R.R. Co.*, 2019 IL 123853, ¶ 26 (affirmative defenses seek only to defeat a plaintiff's cause

of action; claims and counterclaims seek affirmative relief). Plaintiffs' claims are essentially claims for fraud and recission of contract because they asked the circuit court to find that AAG committed fraud and to rescind the reverse mortgages on that basis. See *23-25 Building Partnership v. Testa Produce, Inc.*, 381 Ill. App. 3d 751, 757 (2008) (contracts induced by fraud are voidable via recission). Merely because plaintiffs titled their claims "affirmative defenses" does not convert them into such. The claims pled are essentially claims of fraud. See *Toushin*, 2015 IL App (1st) 143151, ¶ 46 (the nature of a plaintiff's injury determines the appropriate statute of limitations to apply); *Madigan v. Yballe*, 397 Ill. App. 3d 481, 488 (2009) (courts look at the "true character of a plaintiff's cause of action"). Civil fraud claims are subject to a five-year statute of limitations. 735 ILCS 5/13–205 (West 2020); *DeSantis v. Brauvin Realty Partners, Inc.*, 248 Ill. App. 3d 930, 933-34 (1993) (applying section 13-205 to actions in fraud and breach of fiduciary duty). That is the statute of limitations applicable to plaintiffs' claims in this case.

¶ 23    Plaintiffs argue that they do not seek to hold AAG liable for fraud. However, recission of their reverse mortgages on the basis of fraud requires a finding that AAG defrauded them. See *Testa Produce, Inc.*, 381 Ill. App. 3d at 758 (rescission of fraudulently induced contract requires proving a false statement of material fact, known or believed to be false by the party making it). Moreover, the relief that plaintiffs seek – rescission of contract – is a civil cause of action, not an affirmative defense. *Id.* at 757. A claim for declaratory relief cannot be conflated with an affirmative defense, as plaintiffs attempt to do in this case. See *Stivers v. Bean*, 2014 IL App (4th) 130255, ¶ 37 (explaining distinction between declaratory judgment claims and affirmative defenses). Even assuming that plaintiffs' claims are preemptive affirmative defenses, plaintiffs cite no Illinois authority holding that statutes of limitations do not apply to declaratory judgment

actions that assert affirmative defenses to anticipated litigation. Although plaintiffs cite federal cases for this argument, "as a general rule, decisions of federal district or circuit courts are not binding on Illinois courts." *Prodromos v. Everen Securities, Inc.*, 389 Ill. App. 3d 157, 175 (2009). Accordingly, the circuit court correctly determined that the five-year statute of limitations applies to plaintiffs' claims.

¶ 24                              B. Statute of Limitations and Tolling

¶ 25     Having concluded that plaintiffs' claims are subject to a five-year statute of limitations, we must next decide if the five-year limitations period had expired when plaintiffs filed their initial complaint on December 23, 2020.

¶ 26     As explained above, a plaintiff must file a civil claim of fraud within five years of when the plaintiff knew or reasonably should have known that she was defrauded. 735 ILCS 5/13–205 (West 2020); see also *DeSantis*, 248 Ill. App. 3d at 933-34. A plaintiff knows or reasonably should know of wrongdoing when she possesses sufficient information concerning her loss and its cause to put a reasonable person on notice to inquire further. *Hermitage Corp.*, 166 Ill. 2d at 85-86.

¶ 27     Levada signed her reverse mortgage on July 11, 2013, Dorothy on August 12, 2015, and Mary on October 8, 2014. Under the five-year statute of limitations, Levada had to file her complaint by July 11, 2018, Dorothy by August 12, 2020, and Mary by October 8, 2019. All three plaintiffs filed their initial complaint on December 23, 2020, after the five-year limitations period expired. Therefore, plaintiffs' claims are untimely. However, plaintiffs contend that the discovery rule and the continuing violation rule toll the start of the limitations period on their claims. For the reasons that follow, neither rule tolls the five-year statute of limitations on plaintiffs' claims. The circuit court properly dismissed plaintiffs' claims as barred by the statute of limitations.

¶ 28                                        1. Discovery Rule

¶ 29     Plaintiffs argue that the discovery rule tolls the statute of limitations on their claims. Specifically, Dorothy and Levada claim that the earliest they could have discovered Diamond and AAG's fraudulent scheme was on July 11, 2016, when the circuit court of Cook County ordered Diamond to pay restitution to other victims of fraud in *People v. United Construction of America, Inc.*, No. 09-CH-33398 (Cir. Ct. Cook County, July 11, 2016). Mary does not indicate when she discovered that Diamond and AAG defrauded her and does not claim that the July 11, 2016, restitution order caused her to discover that she had been defrauded.

¶ 30     The discovery rule provides that the statute of limitations does not begin running until a plaintiff knows or reasonably should know that she has suffered a loss and that her loss was wrongfully caused. *Hermitage Corp.,* 166 Ill. 2d at 77. A plaintiff asserting the discovery rule has the burden of proving the date of discovery and "must provide enough facts to avoid application of the statute of limitations." *Id.* at 84-85. Although the determination of when the statute of limitations begins to run is usually a question of fact, the court may rule on it as a question of law if the facts are undisputed. *Id.* at 85. AAG does not dispute the dates pled in plaintiffs' complaint, so this analysis is a question of law. See *id.*

¶ 31     Levada and Dorothy's contention that they discovered that they had been defrauded on July 11, 2016, was never pled in their complaint. The complaint does mention that the circuit court ordered Diamond to pay other victims restitution in another case on that date, but it does not allege that plaintiffs were even aware of that order, much less that the order caused them to discover their own reverse mortgages were fraudulent. There are no specific facts alleged regarding when plaintiffs knew or should have known of their injuries. Levada claims that she discovered she had

a reverse mortgage at some unspecified point in time after signing it. Dorothy alleges that she knew she signed a reverse mortgage on August 12, 2015, but Diamond "did not explain the details of the paperwork nor the mortgage process." Mary fails to allege any facts as to when she could have discovered she had been defrauded. Illinois is a fact-pleading jurisdiction and conclusions of fact or law must be supported by allegations of specific facts. *Hanks v. Cotler*, 2011 IL App (1st) 101088, ¶ 17. Plaintiffs have not met their burden in establishing that the discovery rules applies. They offer only conclusions unsupported by specific facts. See *Hermitage Corp.,* 166 Ill. 2d at 84-85; *Kielminski v. St. Anthony's Hospital*, 68 Ill. App. 3d 407, 408–09 (1979) (affirmed dismissal of the plaintiff's complaint because the plaintiff failed to specifically allege when she knew or reasonably could have discovered the alleged injury, and the record did not have "any other date pleaded as to knowledge").

¶ 32     Plaintiffs argue that there are disputes of fact as to when they discovered that they had been defrauded. The record does not support this claim. AAG's motion to dismiss did not dispute any of the relevant dates in plaintiffs' complaint. Rather, AAG's statute of limitations argument was based entirely on the dates of events as plaintiffs alleged them. In response to the motion, plaintiffs did not submit additional material that created disputes of fact about the relevant dates in this case. Moreover, the cases that plaintiffs cite in support of their insistence that there are disputes of fact are distinguishable and do not compel reversal. See, *e.g.*,  *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981) (depositions, expert reports, and other exhibits raised questions of fact at summary judgment); *Young v. McKiegue*, 303 Ill. App. 3d 380, 390 (1999) (medical records and deposition testimony raised questions of fact); *LaManna v. G.D. Searle & Co.*, 204 Ill. App. 3d 211, 220 (1990) (depositions and affidavits raised questions of fact at summary judgment);

*Bashton v. Ritko*, 164 Ill. App. 3d 37 (1987) (deposition testimony raised questions of fact); *Zimmerman v. Northfield Real Estate, Inc.*, 156 Ill. App. 3d 154, 167 (1986) (dismissal pursuant to section 2-615, which does not concern questions of fact).

¶ 33    Plaintiffs also argue that the circuit court erroneously relied on *PSI Resources, LLC v. MB Financial Bank, National Ass'n*, 2016 IL App (1st) 152204, in applying the discovery rule. However, they have forfeited this argument because they raised it for the first time in their reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief").

¶ 34                                    2. Continuing Violation Rule

¶ 35    Finally, plaintiffs contend that the continuing violation rule tolls the statute of limitations because their fraudulent reverse mortgages will only end when "[p]laintiffs inevitably transfer their homes or are released from the reverse mortgage." Mary did not raise this argument in her response to AAG's motion to dismiss, so she has forfeited it on appeal. See *Riseborough*, 2014 IL 114271, ¶ 36 (a party may not present new argument in motion to reconsider after complaint is dismissed). We address this argument with respect to only Levada and Dorothy.

¶ 36    "[C]ontinuing torts" or a "continuing or repeated injury" toll the statute of limitations. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 278 (2003). Under the continuing violation rule, the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease. *Id.* However, a "single overt act" causing "continual ill effects" is not a continuing tort. *Id.*

¶ 37    Although plaintiffs argue the continual nature of their reverse mortgages tolls the limitations period, we find this argument unpersuasive. Plaintiffs each allege a single overt act: Diamond fraudulently inducing them into signing a reverse mortgage with AAG. The fact that the

reverse mortgages still exist and may, at some point in the future, result in foreclosure are merely "continual ill effects" resulting from Diamond's initial "single overt act." See *id.* To put it simply, if plaintiffs had never signed the reverse mortgages, the "continuing ill effects" they now complain of would not exist. To the extent plaintiffs argue that Diamond's initial act was part of an ongoing fraudulent scheme to obtain their homes, plaintiffs fail to plead any specific facts describing such an ongoing scheme.

¶ 38    Furthermore, cases in which courts have applied the continuing violation rule are factually dissimilar from this case. See, *e.g.*, *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 745 (2001) (repeated tortious acts of a similar nature by the same actor are continuing violations in claim for intentional infliction of emotional distress); *Field v. First National Bank of Harrisburg*, 249 Ill. App. 3d 822, 825 (1993) (continuing violations where defendant made monthly check deposits for four years); *Sommer v. United Savings Life Insurance Co.*, 128 Ill. App. 3d 808, 814–15 (1984) (defendant's agents making multiple specific misrepresentations on multiple specific dates over a period of years are continuing violations in claim for fraudulent sale of life insurance). Plaintiffs do not cite any authority holding that the existence of a reverse mortgage is a continuing violation sufficient to toll the statute of limitations. Accordingly, neither the discovery rule nor the continuing violation rule tolls the five-year statute of limitations, plaintiffs' declaratory judgment claims are untimely, and the circuit court properly dismissed them.

¶ 39                              III. CONCLUSION

¶ 40    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 41    Affirmed.