BERNARD M. PESKIN, Plaintiff-Appellant, v. EARL A. DEUTSCH, Defendant-Appellee.

First District (1st Division)   No. 83—1897

Opinion filed June 3, 1985.—Rehearing denied July 17, 1985.

Howard C. Emmerman, of Rudnick & Wolfe, of Chicago, for appellant.

Jeremiah Marsh and John L. Conlon, both of Hopkins & Sutter, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

In an action by plaintiff, Bernard M. Peskin, seeking an accounting of a law practice partnership, judgment was entered in favor of defendant, Earl A. Deutsch. Plaintiff appeals, contending that (1) the defendant's nondisclosure of the receipt of monies by him from clients of the partnership entitled him to an accounting as a matter of law; (2) that the trial court applied an improper standard of proof in construing the evidence; and (3) that plaintiff's claim was not barred by a release agreement between the parties, a later ratification of that agreement, nor by *laches*.

Plaintiff and defendant were partners in a law firm from 1954 until 1973. Their partnership agreement was an oral agreement until 1971, when Paul M. Levy was admitted to the partnership. In early 1971, the three partners entered into a written agreement. Paragraph 6 of that agreement required each of the partners to "devote his entire time" to the conduct of partnership affairs. Defendant's primary function in the partnership was contractual negotiation, defined by him as including the making of contracts and bringing people together. Both parties accounted to the partnership for earnings not specifically related to legal work. Defendant paid certain commissions received by him into the partnership as well as fees for his services as a master in chancery. Plaintiff accounted to the partnership for his salary as a State legislator.

The parties operated the partnership until July 1973, at which time the three partners entered into a written dissolution agreement under which plaintiff withdrew from the partnership. The dissolution agreement provided, *inter alia*, for the payment of $142,000 to plaintiff in liquidation of his interest in the partnership, to be paid out over approximately four years. Paragraph 9 of the dissolution agreement provided that each of the parties acknowledged "that they have no further claim whatsoever against the other rising from the old partnership." In 1973, plaintiff was indicted, and thereafter convicted, on various felony charges. Defendant was a government witness, testifying under a grant of immunity, at plaintiff's trial in March 1974. During the course of a meeting with the Federal prosecutors in their office

during the end of his trial, plaintiff had occasion to see a copy of defendant's 1969 Federal income tax return, which contained an item of income labeled "legal fees—$5,000." The evidence is in dispute as to whether plaintiff ever later demanded of defendant an explanation as to why this sum was not disclosed or accounted to plaintiff. Following his conviction, plaintiff's license to practice law, since restored in 1979, was suspended. He was incarcerated from December 1976 until August 1977. During the period of his incarceration he was principally dependent on the funds he was receiving under the dissolution agreement.

In 1979, plaintiff filed this action requesting that defendant be required to account for all sums of money received during the years 1954 through 1973 by defendant. Specifically, plaintiff contended that 14 payments that had been received by defendant during the years 1969-1973, and reported on his Federal income tax returns as personal income for those years, was partnership income. None of the payments went to the partnership. The payments and their descriptions as stated in defendant's tax returns were:

| Year | Tax Return Description | Amount |
|------|------------------------|--------|
| 1969 | Legal fee | $ 5,000.00 |
| 1970 | Legal fee - Fisher & Freed | 639.12 |
|      | Sales Commission from Joseph Neibler, Two Penn Plaza | 45,000.00 |
| 1971 | Legal Fees - Michigan Avenue Management Corporation | 25,000.00 |
|      | Cost Control Association, New York | 6,000.00 |
| 1972 | Illinois State Bank of Chicago - Fees | 300.00 |
|      | Jay Schiller - Forwarding Fees | 14,375.00 |
|      | Cost Control Associates, Inc., 75 E. 55th St., New York, N.Y. - Commission Fees | 9,250.00 |
|      | Harry Busch - Forwarding Fees | 1,557.00 |
| 1973 | Commission Received: | |
|      | Illinois State Bank of Chicago | 900.00 |
|      | NII Metals Services | 8,193.00 |
|      | Quality Outdoor Lighting | 7,500.00 |
|      | Fees Received: | 18,149.76 |
|      | Knorle, Bender, Stone & Associates | |
|      | Maremont Foundation | 5,000.00 |

The monies in question totaled $146,863.88. Plaintiff stated that he had no knowledge of the receipt of any of these items or what they represented prior to their disclosure after June 1978. While several of these payments were commissions or broker's fees, defendant labeled the payments as legal fees or in terms that might be construed as legal fees on his Federal income tax returns. Defendant stated he did this to avoid attracting Internal Revenue Service questions, since he was not a licensed broker.

The trial court held that the partnership agreement between the parties extended only to the sharing of legal fees and that plaintiff was entitled to an accounting only for payments for legal services. The court denied plaintiff's request for an accounting, finding that all but three items were non-legal fees and, accordingly, did not have to be included in the partnership account. The three payments in doubt were the $5,000 item shown as "legal fees" in defendant's 1969 tax return, the $639.12 received from the law firm of Fisher & Freed in 1970 and the "forwarding fee" of $1,557 received from attorney Harry Busch in 1972. The court concluded, however, that the evidence was not sufficient to grant the relief of an accounting as sought by plaintiff. The court also noted the length of time involved before the claim was made by plaintiff and the release language in the dissolution agreement as additional factors in denying relief.

Plaintiff initially contends that he is entitled to an accounting under the terms of the Uniform Partnership Act (Ill. Rev. Stat. 1983, ch. 106½, par. 1 et seq.) as a matter of law. Defendant responds that the duty to account did not extend to the transactions in question because they were outside the scope of the partnership agreement.

The Uniform Partnership Act has long been in effect in Illinois, and its provisions govern the relationship between the parties to this dispute. The Act requires that partners render "true and full" information of all things affecting the partnership to their co-partners (Ill. Rev. Stat. 1983, ch. 106½, par. 20), that each partner account to the partnership for any benefit and hold as trustee for it any profits derived by such partner from any transaction connected with the conduct of the partnership (Ill. Rev. Stat. 1983, ch. 106½, par. 21(l)), and that any partner shall have a right to a formal accounting as to partnership affairs whenever circumstances render it just and reasonable (Ill. Rev. Stat. 1983, ch. 106½, par. 22(d)).

In the case at bar, the parties testified to substantially different versions of their partnership relationship. Plaintiff testified that all of the questioned payments were partnership funds because the partnership agreement provided that all income earned by a partner, what-

ever the source, was partnership income unless the partners agreed otherwise. Defendant's position was that the questioned payments did not belong to the partnership because they did not involve the practice of law.

The record indicates that the parties shared income other than that strictly related to legal fees. Plaintiff accounted for his salary as a State legislator by crediting his salary to the partnership. Defendant paid certain commissions received by him into the partnership, as well as fees for his services as a master in chancery. Defendant admitted, however, that he had not disclosed the receipt of any of the questioned commissions or items reported in his income tax returns to plaintiff.

■ An admission by a partner of secretly retaining sums of money from the partnership has been held to be sufficient to warrant an accounting. (*Bakalis v. Bressler* (1953), 1 Ill. 2d 72, 115 N.E.2d 323.) In addition, the fiduciary duty owed by one partner to another includes a duty to make full and fair disclosure. *Bakalis v. Bressler* (1953), 1 Ill. 2d 72, 115 N.E.2d 323.

■ Defendant's role in the partnership was as a procurer of clients. His own explanation for the work he performed on behalf of the partnership was that of a negotiator for the purpose of bringing people together. The record contains no evidence as to the scope of the partnership agreement with respect to the sharing of fees and commissions other than those generated from the practice of law. The only evidence presented was defendant's income tax returns, signed under penalty of perjury, which denominated the monies received as "legal fees." Defendant stated he labeled these items as "legal fees" in order to conceal the fact that these monies were brokerage commissions to which he was not entitled because he did not possess a broker's license. Defendant, however, cannot raise his own improper conduct as a defense to an accounting action. Since the record indicates that the parties' agreement was to share all manner of income generated by or in relation to the practice of law, we believe that the questioned payments received by defendant were accountable to the partnership. Ill. Rev. Stat. 1983, ch. 106½, pars. 20, 21(l), 22(c), 22(d).

■ Plaintiff next contends that the trial court applied an improper standard in construing the evidence. The issue of burden of proof in accounting actions was addressed in *Bakalis v. Bressler* (1953), 1 Ill. 2d 72, 115 N.E.2d 323. There the court held that the burden of proof lies with the defendant "because of the fiduciary relationship, to show by clear, convincing, unequivocal and unmistakable evidence that he had been completely frank and honest with his part-

ner, had made full disclosure, and had not dealt secretly behind his back." 1 Ill. 2d 72, 81, 115 N.E.2d 323, 328.

Defendant's explanations of the questioned items found in his income tax returns were both conflicting and inconsistent. With respect to the item "Legal Fees—Fisher & Freed," defendant labeled this amount as a "legal fee" when he signed his tax return. At his deposition, however, defendant indicated that the sum was partnership funds. Finally, at trial, he once again denied that the fund was a partnership asset. Likewise, the entry "Legal Fee—Michigan Avenue Management Corporation" was designated by defendant as a "legal fee" in his tax return. At trial, however, he stated this designation was false and that he used it since the fee represented a broker's commission and he was not a licensed broker. Further, our examination of the record does not provide any basis for a conclusion that defendant disclosed the nature of these payments to plaintiff. We, therefore, find that defendant failed to meet the *Bakalis* standard of showing by clear and convincing evidence that he had been completely frank with his partner and had made full disclosure.

■ Plaintiff's final contention is that his claim is not barred by *laches*, release or ratification. The trial court cited both the release language contained in the dissolution agreement and plaintiff's delay in making his claim as grounds for its decision.

*Laches* has been defined as a failure to assert a right over a period of time which, when taken in conjunction with all other circumstances, would result in undue prejudice to the other party. (*Johnson v. Central Standard Life Insurance Co.* (1968), 102 Ill. App. 2d 15, 243 N.E.2d 376.) Defendant contends that the statutory deadline for plaintiff to have demanded an accounting from defendant was July 11, 1978, five years after the date of the dissolution agreement. Defendant cites *Schlossberg v. Corrington* (1980), 80 Ill. App. 3d 860, 400 N.E.2d 73, where an accounting action was brought with respect to a partnership more than five years after its dissolution. The court held that the action was barred by the statute of limitations and by *laches* because the delay in filing the complaint was unreasonable. In *Schlossberg*, the accounting was sought in conjunction with a decree dissolving the partnership, and it is unclear whether the action was at law or in equity. We note that the statute of limitations does not strictly apply to suits in equity, and its expiration, without more, will not bar such a suit. *Duncan v. Dazey* (1925), 318 Ill. 500, 149 N.E. 495.

Plaintiff's claim here is for an accounting in equity based upon defendant's receipt and retention of payments from clients of fees and

commissions which constituted partnership income and the fraudulent concealment of this income from plaintiff. Plaintiff stated he had no knowledge of the receipt of the payments or what they represented prior to their disclosure after June 1978. Thereafter, he brought this action in July 1979. Where a cause of action arises from fraud, particularly in cases involving a fiduciary relationship, the statute of limitations will not begin to run nor *laches* apply until the fraud is discovered or until such time as it could have been discovered by the exercise of reasonable diligence. (*Tarpoff v. Karandjeff* (1959), 17 Ill. 2d 462, 162 N.E.2d 1; *Pelcak v. Bartos* (1946), 328 Ill. App. 435, 66 N.E.2d 465.) We, therefore, find that since plaintiff was without the knowledge upon which to base his claim until June 1978, *laches* will not apply.

■ Defendant also relies on the language in the dissolution agreement executed by the parties as a bar to plaintiff's claim. Specifically, in the agreement the parties acknowledged that they would have "no further claim whatsoever" arising from the partnership. A release between fiduciaries is to be evaluated in the context of the fiduciary relationship. (*Kreutz v. Jacobs* (1976), 39 Ill. App. 3d 515, 349 N.E.2d 93.) In appraising the validity of a release in the context of a fiduciary relationship, the court must regard the defendant as having the burden of showing by clear and convincing evidence that the transaction embodied in the release was just and equitable. (*Babray v. Carlino* (1971), 2 Ill. App. 3d 241, 276 N.E.2d 435.) In addition, the defendant must show by competent proof that a full and frank disclosure of all relevant information was made to the other party. *Babray v. Carlino* (1971), 2 Ill. App. 3d 241, 276 N.E.2d 435.

In the case at bar, the record reveals no evidence of a full and frank disclosure to plaintiff by defendant of the nature of the questioned payments either prior to or at the time of execution of the dissolution agreement. Accordingly, the language relied upon by defendant is insufficient to operate as a release.

■ Nor did plaintiff make a later ratification of the dissolution agreement by his acceptance of payments under the terms of the agreement. The accounting sought here is for a partnership which spanned 19 years. The basis for the action was evidence disclosed with respect only to certain years. Ratification of an act can be effected only when it appears that the party to be charged with ratification, with full knowledge of the act, clearly evinces an intent to abide and be bound by it. (*Brandt v. Phipps* (1947), 398 Ill. 296, 75 N.E.2d 757.) In the context of a fiduciary relationship, one may not withhold material matters from a beneficiary and then assert that the benefi-

56

ciary who acted without the knowledge of the facts is estopped. (*Johnson v. Central Standard Life Insurance Co.* (1968), 102 Ill. App. 2d 15, 243 N.E.2d 376.) During the years 1973-1977, plaintiff was dependent on the monies he and his family were receiving under the dissolution agreement. However, plaintiff stated he had no knowledge of the payments received by defendant in breach of their partnership agreement during this time. He also had no knowledge of the extent of other payments in breach of the agreement which might have been made to defendant in the years preceding 1969. Under these facts, it cannot be said that plaintiff ratified the actions of defendant for either the entire period of the partnership or for the years 1970-73.

For the foregoing reasons, the judgment of the circuit court is reversed and this cause is remanded for an accounting and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

O'CONNOR and LINN, JJ., concur.