**In re HEARTLAND CHEMICALS, INC., an Illinois Corporation, Debtor.**

**UNSECURED CREDITORS' COMMITTEE, For itself and on Behalf of the Estate of Heartland Chemicals, Inc., Plaintiff,**

v.

**BANQUE PARIBAS, a French Banking Corporation, Defendant.**

Bankruptcy No. 86–70753.
Adv. No. 87–7201.

United States Bankruptcy Court,
C.D. Illinois.

April 28, 1989.

On Motion for Reconsideration
Aug. 4, 1989.

See also, Bkrtcy., 103 B.R. 1018.

Emmet Fairfield, Springfield, Ill., David F. Heroy, Chicago, Ill., for plaintiff.

Janet Henderson, Chicago, Ill., James M. Mulvaney, Danville, Ill., for defendant.

Clyde Meachum, Danville, Ill., David A. Missner, Chicago, Ill., for debtor.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the motion of the defendant, Banque Paribas (the "Bank"), to dismiss the complaint filed against it by the Unsecured Creditors' Committee (the "Committee") of Heartland Chemicals, Inc.

On July 8, 1987, pursuant to an agreed order of this Court, the Committee filed this nine-count adversary proceeding for itself and on behalf of the Debtor, Heartland Chemicals, Inc., against the Bank. The complaint alleges a fraudulent scheme by the Bank to force Heartland's trade creditors to fund the debts of both Heartland and its several affiliates (the "Ceres Group") to the Bank. The complaint seeks avoidance and equitable subordination of the Bank's claim, avoidance of fraudulent transfers and obligations, an accounting, the turnover of all funds received by the Bank pursuant to this Court's Turnover Order, and money damages. The nine counts of the complaint may be summarized as follows:

Count I   Equitable subordination under 11 U.S.C. § 510(c)(1)

Count II   Voidable Preference under 11 U.S.C. § 547 and 11 U.S.C. § 550(a)(1)

Count III   Breach of duty of good faith

Count IV   Common law fraud

Count V   Fraudulent conveyances under 11 U.S.C. § 544(b) and Ill.Rev.Stat. ch. 59, ¶ 4

Count VI   Fraudulent conveyances under 11 U.S.C. § 544(b) and Ill.Rev.Stat. ch. 59, ¶ 4

Count VII   Fraudulent conveyances under 11 U.S.C. § 548(a)(1)

Count VIII   Fraudulent conveyances under 11 U.S.C. § 548(a)(2)

Count IX   Objections to the Bank's claim

The Bank has moved to dismiss Counts I–VIII of the complaint. The Bank argues that the complaint is defective under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity.

In appraising the sufficiency of the complaint, this Court follows "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*

*v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, the allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605–06 (7th Cir. 1987).

The complaint is 59 pages long and contains 186 paragraphs. At the risk of over-simplifying the complaint, the Court believes a brief overview of the complaint is helpful before addressing the merits of the motion to dismiss. Heartland was incorporated in 1975 and engaged in the business of distributing agricultural chemicals to dealers throughout Illinois and Indiana. In January 1981, Citibank provided Heartland with a $10 million dollar line of credit. In exchange for this line of credit, Heartland granted Citibank a security interest in substantially all of Heartland's assets. In April 1984, Citibank sold a 27.27% participation in the loan to the Bank. In October 1984, Citibank sold its entire interest in the loan to the Bank.

In 1985, the Bank made an internal policy decision to reduce or eliminate its agricultural-based loans. To this end, the complaint alleges that the Bank engaged in a fraudulent pattern of misrepresentations devised to recoup from Heartland the funds that had been previously loaned to Heartland and its affiliates. According to the complaint, Heartland's trade creditors were injured by the Bank's scheme when the Bank induced these creditors to supply additional inventory on an unsecured basis to Heartland at a time when the Bank intended to liquidate Heartland, and knew that Heartland could not pay for the inventory. The complaint further alleges that the Bank destroyed Heartland's going concern value by liquidating Heartland at the time and in the manner it did.

■ Count I of the complaint alleges that the Bank's claim should be equitably subordinated to all unsecured claims pursuant to 11 U.S.C. § 510(c)(1). The Bank argues that the Committee has not alleged sufficient facts to establish the persuasive control and egregious conduct necessary to support a claim of equitable subordination. The Court disagrees. The complaint alleges both control and gross misconduct by the Bank. The complaint alleges control by the Bank through the use of conduit accounts, restrictions on deposits and investments by Heartland, insistence on personal guarantees of corporate debt, the Bank's participation in management decisions, and the Bank's refusal to approve the sale of Heartland as a going concern. The complaint alleges gross misconduct by the Bank in its scheme to shift its credit risks to Heartland's trade creditors. The complaint alleges various misrepresentations by the Bank to Heartland and its trade creditors regarding the Bank's financing of Heartland's operations. These allegations are sufficient to state a claim for equitable subordination under 11 U.S.C. § 510(c)(1).

■ The Bank also suggests that Count I should be dismissed because the Committee does not have standing to bring an equitable subordination claim on its own behalf. This claim is without merit. If the allegations in the complaint are true, then the unsecured creditors of Heartland clearly suffered substantial injury as a result of the Bank's conduct. Since the Committee represents the unsecured creditors, it has standing to file an equitable subordination claim against the Bank.

■ Count II alleges that payments totalling $1,060,000 made by Heartland to the Bank in the ninety days preceding the bankruptcy constitute voidable preferences under 11 U.S.C. § 547(b). The Bank's liability in Count II is premised on a finding in Count I that the Bank should be equitably subordinated. The Bank argues that Count II should be dismissed without prejudice because it will not be ripe for adjudication until the Bank's claim is either disallowed or subordinated. The Bank suggests that the Court should not waste its time on a count that may have no basis. The Committee concedes that it must win on Count I in order to prevail on Count II. The Committee argues, however, that the facts are essentially the same, that the Bank has completed all of the acts neces-

sary to form the factual predicate of Count II, and that judicial economy is promoted by trying all Counts together. This Court agrees with the Committee. The Committee's judicial economy argument is especially compelling in a case such as this one where the attorneys and witnesses are from out of town and the anticipated length of the trial requires a special setting.

■ Count III alleges that the Bank violated its duty of good faith imposed by Sec. 1–203 of the Illinois Commercial Code, Ill. Rev.Stat. ch. 26, ¶ 1–203. The Bank responds that an allegation of a failure to act in good faith under Sec. 1–203 does not state a claim for relief. The Bank's position is supported by the case law. *Washburn v. Union National Bank & Trust Co.*, 151 Ill.App.3d 21, 104 Ill.Dec. 242, 502 N.E.2d 739 (1986); *Gordon v. Matthew Bender & Co.*, 562 F.Supp. 1286, 1289 (N.D.Ill.1983). These cases hold that Sec. 1–203 is directive rather than remedial, and that there must be a duty under the contract or under another provision of the Commercial Code that was not performed in good faith in order to state a cause of action. The complaint in this case does not allege that the Bank violated any other provision of the Commercial Code or any contractual obligation on the part of the Bank to renew or extend financing to Heartland.

The Committee counters that it is actually alleging a breach of the Bank's common law duty of good faith. This argument is not persuasive. A fair reading of the complaint indicates that the Committee is relying exclusively on Sec. 1–203. Since a violation of Sec. 1–203 does not state a cause of action, Count III must be dismissed.

■ Count IV alleges fraudulent misrepresentations and omissions by the Bank. The Bank argues that the Committee has failed to allege sufficient facts to establish a scheme to defraud Heartland on a pattern of fraudulent activities committed by the Bank against Heartland. The Court disagrees with the Bank's position. The complaint clearly alleges a fraudulent scheme by the Bank to seek repayment of the entire debt of the Ceres Group from Heartland and its trade creditors through a pattern of misrepresentations and omissions. Moreover, the fraudulent scheme is alleged with sufficient particularity to satisfy Rule 9 of the Federal Rules of Civil Procedure. The factual allegations in the complaint show how, when, and where the fraud occurred. Nothing more is required by Rule 9.

■ The Bank has also moved to strike portions of Count IV dealing with the alleged misrepresentations of the Bank to individual trade creditors of Heartland. The Bank argues that the Committee lacks standing to raise them and that they are irrelevant to the issues in Count IV. The Bank is confusing the factual allegations of a complaint with a claim for relief. The fact that a trade creditor may have a separate cause of action for fraud against the Bank does not preclude the Committee from suing for fraud. The allegations in the complaint concerning the misrepresentations of the Bank to the trade creditors are relevant to establishing the Bank's overall scheme to defraud Heartland because they serve as concrete examples of the Bank's fraudulent intent. Therefore, the motion to strike will be denied.

■ Count V seeks avoidance of the 1981 Letter Agreement pursuant to the Illinois Fraudulent Conveyance Statute. Ill.Rev.Stat. ch. 59, ¶ 4. The Bank argues that this Count should be dismissed because it is time-barred by the applicable statute of limitations.

Under Illinois law, the appropriate statute of limitations for a fraud action is the five-year limitations imposed by Ill.Rev. Stat. ch. 110, ¶ 13–205. *Rozny v. Marnul*, 43 Ill.2d 54, 69, 250 N.E.2d 656 (1969); *Kinsey v. Scott*, 124 Ill.App.3d 329, 79 Ill. Dec. 584, 463 N.E.2d 1359 (1984). The Committee argues that under the "discovery rule," the five-year statutory period did not begin to run until the fraudulent conveyance was discovered by Heartland's trade creditors. *See Peskin v. Deutsch*, 134 Ill.App.3d 48, 55, 89 Ill.Dec. 28, 479 N.E.2d 1034 (1985). The Committee fur-

ther argues that even if the 1981 Letter Agreement is outside the limitations period, some borrowing may have occurred within the five-year period, and this borrowing would be subject to the Illinois fraudulent conveyance laws. *See Rubin v. Manufacturer's Hanover Trust Co.,* 661 F.2d 979 (2nd Cir.1981). However, the complaint does not include any allegations which would support the Committee's arguments. The complaint does not explain why the discovery of the fraud could not have occurred prior to the expiration of the limitations period. Nor does the complaint allege that any borrowing occurred within the five-year limitations period. Since Count V of the complaint indicates on its face that it is barred by the statute of limitations, this Count must be dismissed.

■ Anticipating the Court's ruling on the appropriate statute of limitations, the Committee has requested leave to amend Count V to allege exactly when the fraudulent conveyance was discovered by Heartland's trade creditors. Although this request has merit, *see In re Josefik,* 72 B.R. 393, 402 (Bankr.N.D.Ill.1987), it must be denied as moot in light of the Court's dismissal of Count V on standing grounds in the next section of this Opinion.

Count VI seeks to avoid the 1985 Loan and Security Agreement as a fraudulent conveyance under Illinois law. The Bank has moved to dismiss Count V and VI on the grounds that the Committee does not have standing to challenge these conveyances.

In order to set aside the 1981 Letter Agreement and the 1985 Security Agreement under 11 U.S.C. § 544(b), the Committee has the threshold burden of establishing the existence of a creditor holding an unsecured claim under 11 U.S.C. § 502 as of the date of the transfers subject to attack under Illinois law. *In re Akin,* 64 B.R. 510, 513 (Bankr.W.D.Ky.1986). The Committee relies on Mobay Chemical Corporation ("Mobay") as its "triggering creditor." The complaint alleges that Mobay was a creditor of Heartland on March 25, 1981, and May 25, 1985, and at all relevant times thereafter. The complaint further

alleges that Mobay holds an unsecured claim in Heartland's bankruptcy case. The Bank argues that these allegations are not sufficient to state a claim for relief because the complaint does not allege that the current claim of Mobay was in existence at the time of the challenged transactions. The Committee counters that Mobay has standing to void the conveyances because it has been a creditor of Heartland continuously since the date of the transfers. Thus, the issue is whether a creditor may avoid a transaction where the debt owed at the time the bankruptcy petition was filed is not identical to the debt owed at the time of the challenged transaction.

The Court's review of the applicable law supports the Bank's position. In *Chicago Daily News v. Siegel,* 212 Ill. 617, 629, 72 N.E. 810 (1904), the Illinois Supreme Court stated:

> Where a conveyance is alleged to be made in fraud of the rights of creditors, the creditors injured are those whose claims exist at the time of the conveyance ... If the conveyance was made before the indebtedness was incurred, then there was no fraud, as there was no design to hinder or delay creditors at the time; and the credit was not given upon the supposition that this property could be rendered liable for its payment.

*See Eckhart v. Burrell Manufacturing Co.,* 236 Ill. 134, 136–37, 86 N.E. 199 (1908); *Parker v. Hand,* 299 Ill. 420, 424, 132 N.E. 467 (1921). These cases, and others like them, support the Bank's contention that when a debt owing at the time of the transfer is paid off, it may not be resurrected by a subsequent extension of credit. *See Parker v. Tiffany,* 52 Ill. 286, 289 (1869). The rationale for these decisions is that a creditor must be prejudiced by a transfer in order to challenge it, and a creditor whose claim is paid off is simply not prejudiced by the transfer. Thus, since the complaint does not allege that Mobay's claim existed at the time of the challenged transfers, Count V and VI must be dismissed.

The Bank has also moved to dismiss Counts V through VII for failure to plead

fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Bank argues that the complaint merely contains the "buzzwords" of the statute and is devoid of the requisite specificity of facts surrounding the alleged misrepresentations made by the Bank to Heartland. The Court disagrees. The complaint alleges myriad facts in support of its allegations and states precisely what transactions are alleged to be fraudulent. The Court finds that the complaint sets forth the Bank's fraudulent scheme with sufficient particularity to permit the Bank to form a responsive pleading. No more is required by the Federal Rules.

Finally, Count VIII seeks to avoid the 1985 Loan and Security Agreement pursuant to 11 U.S.C. § 548(a)(2) to the extent that the obligations and transfers thereunder were for the benefit of the Ceres Group rather than Heartland. The Bank has moved to dismiss this claim on the ground that Heartland's execution of the 1985 Loan and Security Agreement did not make Heartland responsible for the payment of any pre-existing obligations or liability for which it was not already liable. The Bank's argument is premised on Heartland's obligation under the 1981 Letter Agreement to repay the indebtedness of certain other members of the Ceres Group. The Bank argues that Heartland did not undertake responsibility for any additional pre-existing obligations when it executed the 1985 Loan and Security Agreement.

The Bank's argument must be rejected. Even if the 1985 Loan and Security Agreement merely restates Heartland's previous obligations under the 1981 Letter Agreement, Count VIII still states a cause of action because the Committee seeks to avoid the 1981 Letter Agreement under other Counts of the complaint. If the earlier transfer can be avoided, then the 1985 Agreement may also be avoided. As the Court has previously stated, the Court believes that judicial economy mandates trying all Counts of the complaint together.

For the foregoing reasons, the Bank's motion to dismiss Counts I, II, IV, VII, and VIII is denied and the Bank's motion to dismiss III, V, and VI is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

## ON MOTION FOR RECONSIDERATION

This matter is before the Court on the Defendant's motion to reconsider the Court's Order of April 28, 1989, as it pertains to the Defendant's motion to dismiss Count VIII of the Plaintiff's Complaint.

· Count VIII seeks to avoid the 1985 Loan and Security Agreement pursuant to 11 U.S.C. § 548(a)(2) to the extent that the obligations and transfers thereunder were for the Ceres Group rather than Heartland. The Bank's motion to dismiss argued that Heartland's execution of the 1985 Loan and Security Agreement did not make Heartland responsible for the payment of any pre-existing obligations or liability for which it was not already liable because Heartland was already obligated under the 1981 Letter Agreement to repay the indebtedness of certain other members of the Ceres Group. The Court rejected this argument in its Order of April 28, 1989 as follows:

> Even if the 1985 Loan and Security Agreement merely restates Heartland's previous obligations under the 1981 Letter Agreement, Count VIII still states a cause of action because the Committee seeks to avoid the 1981 Letter Agreement under other counts of the complaint. If the earlier transfer can be avoided, then the 1985 Agreement may also be avoided.

The Bank's motion to reconsider points out the Court dismissed the only count in the Complaint which sought to avoid the 1981 Letter Agreement for lack of standing and failure to comply with the applicable statute of limitations. Since the 1981 Letter Agreement may not be avoided under the Complaint as it now stands, the Bank argues that there is no basis for Count VIII. The Committee counters that Heartland's execution of the 1985 Loan and Security Agreement created new obligations

for which Heartland was not already liable under the 1981 Letter Agreement. Thus, the issue presented by the motion to reconsider is whether Heartland incurred sufficient additional obligations pursuant to the 1985 Loan and Security Agreement to support a claim under 11 U.S.C. § 548(a)(2).

The Court has reviewed the copies of the 1981 Letter Agreement and the 1985 Loan and Security Agreement which were attached to the Complaint. Under the 1981 Agreement, Heartland executed a "continuing guaranty" in which Heartland guaranteed the payment of all obligations owed to the Bank's predecessor in interest by Ceres Management Corporation, Galesville Chemical Co., Inc., Community Grain Company and Consolidated Growers, Inc. Under the subsequent 1985 Loan and Security Agreement, Heartland was named as the only borrower of all the debt owed by these affiliated corporations. Thus, the 1985 Loan and Security Agreement transformed Heartland's obligations from those of a guarantor to those of a principal. Therefore, Heartland lost its surety rights of contribution, exoneration, reimbursement and subrogation. Accordingly, Heartland assumed additional obligations as a result of the 1985 Loan and Security Agreement.

For the foregoing reasons, the Defendant's motion to reconsider the Court's Order of April 28, 1989, as it pertains to Count VIII is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.