## BENTON v. ROBERTS et al.

The mere joint ownership of real estate confers no authority upon either of the joint owners to bind the other by a note.

The joint ownership of real estate does not create a partnership as to such real estate. A special contract in writing is necessary for that purpose. C. C. 2807.

To enable one of the members of a partnership formed for the cultivation of land held by them as joint owners, to bind the other by a note made in the partnership name, an express authorization, or one clearly to be implied from the course of business of the firm, is necessary. In the absence of such express or implied authority it is incumbent on the payee to prove that the amount of the note inured to the benefit of the partnership.

Where one of the members of a partnership formed for the cultivation of land held by them as joint owners, the partnership not being shown to have been such as would convert the land into partnership property, and there being no express authority to either of the partners to bind the other by a note in the partnership name, and none implied from the course of the partnership business, executes a note in the partnership name, with a third person as surety, and discounts it, and applies the proceeds to the payment of a note given for the price of the land by which the joint purchasers bound themselves individually and *in solido*, and the note is paid by the surety, the latter can have no recourse against the partner who did not sign the note. The partner by whom the note was made was bound individually to the party by whom the note was discounted; the application of the proceeds made the party who signed the note a creditor of his copartner for half the amount so paid, but did not make the party who discounted the note a creditor of the partner who did not sign it; and when the surety paid the note he became subrogated only to the rights of the party by whom it was discounted.

APPEAL from the District Court of Carroll, *Selby*, J. *Short* and *Parham*, for the appellant. *Demiss*, *Thomas* and *Snyder*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. *James Roberts* having issued an execution on a twelve months' bond given by *Benton*, he obtained an injunction upon the ground that *Roberts* was liable to him upon a note of $1,800, signed in the name of *A. C. & J. Roberts*, with *Benton* as surety, in favor of the Lake Washington and Deer Creek Railroad and Banking Company. It is admitted in argument that *Benton* has paid the note; and the only question is as to the alleged obligation of *James Roberts* to reimburse to him.

At the date of this note, *James* and *A. C. Roberts*, were the owners of a tract of land in Louisiana, which they had purchased of *Elliott*, and for which they had given him notes, signed by them individually, and by which they bound themselves, *in solido*, for the price. After their purchase they cultivated the land in partnership. No articles of partnership are proved, and our information with regard to its terms is meagre. The note given to the bank, and upon which *Benton* seeks relief, as surety against *James Roberts*, is signed in the partnership name; but the signature was made by *A. C. Roberts*. It was discounted by the bank, which was a corporation chartered and established in Mississippi.

The only testimony going to show what application was made of the money thus obtained, is that of *Elliott*, who says that, at a date shortly subsequent to the date of the note, his vendees made him a payment of $1,500 in bank notes of that bank, on account of the first note held by him for the price of the land. The witness does not particularize whether the money was handed to him by *James Roberts*, or by *A. C. Roberts* in his presence. But, however, this may be, it is not shown that *James Roberts* knew the origin of the money, or was aware of, or assented to, the execution of the note. Upon the point of knowledge and implied ratification, we would not be warranted by the evidence in reversing the opinion of the district judge, who considered those facts as not proved.

There is no evidence that, by the terms of the planting partnership, the making of a note by *A. C. Roberts* in the name of the firm, was authorized. The case, therefore, rests only upon such authority as may have arisen from the relations of the parties, or such legal consequences as might result from the application of the money.

BENTON
v.
ROBERTS.

It is too clear to require discussion that the mere joint ownership existing between *A. C.* and *James Roberts*, conferred no authority upon *A. C. Roberts* to bind them both by the signature of the note in question. This mere joint ownership of real estate did not even create a partnership as to that real estate. For that purpose a special contract in writing is necessary. Civil Code, 2807.

Was any authority to do so derived from the existence of the partnership for the cultivation of the land, which they formed after their purchase. To enable one such partner to bind the other in the form and with the legal liability of an instrument like this, an express authorization, or certainly, at least, one clearly to be implied from the course of business of the firm, would have been necessary. In the absence of such express or implied authority it would be incumbent on the payee to prove that the amount of the note had enured to the benefit of the partnership, thus enforcing a liability against the partnership rather by reason of the circumstances of the case than by force of the note itself. We have no evidence before us to satisfy any of those requisitions. On the contrary, the plaintiff assumes that the money was applied to pay a debt which was not the debt of the partnership, for it must be remembered that the partnership formed for the cultivation of the land is not shown to have been such as would convert the land into partnership property. It remained, as it originally was, the property of the two purchasers, each holding an undivided moiety. The price was due by the proprietors individually.

It remains then to be considered whether any legal liability of *James Roberts* to *Benton*, as surety on the note, has arisen from the fact that *A. C. Benton* applied a portion of the proceeds of its discount to the payment of the *Elliott* debt, for which *James Roberts* was bound *in solido*. As *A. C. Roberts* had no authority to bind *James Roberts* by the note, *A. C. Roberts* was bound alone and individually to the bank; and the application which he made of the proceeds of the discount to the payment of the *Elliott* debt made *A. C. Roberts* a creditor of *James* for one half of the amount so paid, but did not make the bank *James'* creditor, and when *Benton* was afterwards sued by the bank and paid the note, he became as surety, subrogated to the bank's rights, and to nothing more.

It is proper to add that the defence of *James Roberts* is strengthened by what occured after the dissolution of the planting partnership between him and *A. C. Roberts.* A paper is in evidence, signed by the plaintiff and *A. C. Roberts*, in which they agree that certain debts due by *A. C. & J. Roberts* shall be borne by the plainttff and *A. C. Roberts* equally. Among them is stated a debt to the Princeton Bank. It is proved that there was no bank at Princeton but the one in whose favor the note in question was drawn, and a witness who appears to have been familiar with the affairs of the parties states that, he was not aware of any other debt to that bank than the one created by the note. This evidence was excepted to, but was, we think, admissible under the pleadings.

*Judgment affirmed.*