S. W. LEE v. THE FIRST NATIONAL BANK OF FORT SCOTT.

1. PARTNER—*Power to Bind Firm.* A partner in a non-trading firm has no implied power to bind the firm by the execution of commercial paper in the name of the firm.

2. NOTE—*Payment, When Not Enforced against Firm.* Where one member of a partnership of occupation and employment executes a note in the firm-name to a bank, without the knowledge of the other member, and in direct violation of the articles of co-partnership, the payment of such note cannot be enforced against the firm.

*Error from Bourbon District Court.*

THE opinion states the case.

*A. A. Harris,* and *Henry E. Harris,* for plaintiff in error.
*J. D. Hill,* and *Wm. Chenault,* for defendant in error.

Opinion by SIMPSON, C.: Suit was brought by the First National Bank of Fort Scott against Golden and Lee on the following promissory note:

"FORT SCOTT, KAS., Oct. 7, 1887.
"Ninety days after date, we promise to pay to the order of the First National Bank of Fort Scott, Kansas, the sum of three hundred dollars, value received, payable at the First National Bank, Fort Scott, Kansas, with interest from maturity at the rate of twelve per cent. per annum. Interest payable quarterly, and if not paid when due, to bear the same rate of interest as the principal. The drawers and indorsers hereof severally waive demand of payment, protest, and notice of non-payment.
"$300. G. S. GOLDEN & Co."

Golden made no defense, but Lee pleaded a denial of the partnership, and that he never had executed the note nor was it executed for him by any one acting by his authority, or under his direction, and that said note was not his obligation. There was a trial by the court at which these facts were developed: Golden and Lee formed a partnership some time in

August, 1887, to carry on the real-estate, loan and insurance business on commission at Fort Scott. Lee did not know of the existence or execution of this note until after its maturity. The bank at the time of the making of the note did not know who composed the firm of G. S. Golden & Co., and required Golden to make a statement as to who composed the firm, and this he did in writing on the back of the note. It is claimed on this state of facts that this was merely a partnership of occupation or employment, and not a commercial or trading one, and that there was no authority, actual or implied, for the making of commercial paper in the firm-name by one member thereof. The bank introduced the evidence of several real-estate agents at Fort Scott to show that it was customary for those in that business at Fort Scott to borrow money from the banks. The primary question is whether or not the execution of this note was within the scope of the partnership. The test of the character of the partnership is buying and selling. If it buys and sells, it is commercial or trading; if it does not buy or sell, it is one of employment or occupation. ( *Winship v. Bank of United States*, 5 Pet. 529; *Kimbro v. Bullitt*, 22 How. 56; 1 Bates, Partn., § 327.)

In partnerships of occupation, when one member executes a note in the firm-name, the holder must show express or implied authority from the firm to make the note, before a recovery can be had. ( *Smith v. Sloan*, 37 Wis. 285; *Judge v. Braswell*, 13 Bush, 66; *Horn v. Newton City Bank*, 32 Kas. 518.)

In commercial partnerships a note executed by one member in the firm-name, is *prima facie* the obligation of the firm, and if one of the parties seeks to avoid its payment, the burden of proof lies upon him to show that the note was given in a matter not relating to the partnership business, and that also with the knowledge of the holder of the note. ( *Deitz v. Regnier*, 27 Kas. 94.)

In *Bays v. Conner*, 105 Ind. 415, and in *Smith v. Sloan*, 37 Wis. 285, it is held that notwithstanding the fact that the

proceeds of the note were applied to the payment of the debts of the firm, one member of a non-trading partnership cannot bind the other by the execution of a note in the firm-name; this, for the reason that there is a want of power, and the application of the proceeds is not controlling or decisive of the question of authority.

The case of *Deardorf v. Thacher*, 78 Mo. 128, is one in which a member of a partnership of three persons who were engaged in the real-estate, loan and insurance business, purchased of a lumber dealer quantities of lumber on the credit of the firm. The lumber was delivered by the dealer without any knowledge on his part that it was not being bought for or applied to partnership business, and that he took the note in good faith according to the credit extended. The lumber dealer brought an action on the firm note that was executed by the member of the partnership who purchased the lumber. The other members of the firm denied under oath the execution of the note. The court held that they were not liable. The syllabus of the case is to the effect that " The members of a firm engaged in the insurance, real-estate and collecting business, have no implied powers to bind each other by commercial paper in the name of the firm."

The same rule has been applied to partnerships in mining in some English cases; in milling, *Lanier v. McCabe*, 2 Fla. 32; in establishing and carrying on water-works, 3 Barn. & Ald. 1; in gas-works, *Bramah v. Roberts*, 3 Bing. N. C. 963; in publishing, *Pooley v. Whitmore*, 10 Heisk. 629; in planting, *Prince v. Crawford*, 50 Miss. 344; *Benton v. Roberts*, 4 La. Ann. 216; in farming, *Greenslade v. Dower*, 7 Barn. & Cress. 635; in sugar refining, *Livingston v. Roosevelt*, 4 Johns. 251; in keeping a tavern, *Cocke v. Bank*, 3 Ala. 175; in owning a ship, *Williams v. Thomas*, 6 Esp. 18; in digging tunnels, *Gray v. Ward*, 18 Ill. 32; in carrying on a laundry, *Neale v. Turlington*, 4 Bing. 149; in practicing law, *Hedley v. Bainbridge*, 3. Q. B. 316; *Garland v. Jacomb*, L. R. 8 Exch. 216; *Levy v. Pyne*, 1 Car. & M. 453; *Breckinridge v. Shrieve*, 4 Dana,

375; in practicing medicine or surgery, *Crossthwait v. Ross*, 1 Humph. 23; *Lewis v. Reilly*, 1 Q. B. 349; and in keeping a store and rope-walk, *Wagnon v. Clay*, 1 A. K. Marsh. 257.

In addition to all this, it is expressly stated in the articles of co-partnership, that it is formed for the purpose of carrying on the real-estate, loan and insurance business *on commission*. It is also agreed in the articles of co-partnership, that neither of the said parties shall subscribe a bond, sign or indorse any note of hand, accept or indorse any draft or bill of exchange, or assume any other liability in the name of the firm, without the written consent of the other. These conditions, embodied in the articles, make it clear beyond all dispute that this was a partnership of occupation and employment, and not a trading or commercial one. It is said, however, on behalf of the bank, that it could not be bound by these unpublished restrictions, but if we are right in the determination of the character of this partnership, then the plain duty of the bank, when one of the parties applied to it for a loan in the firm-name, was to investigate his authority, and if investigation had taken place, knowledge of the restrictions would have followed.

It is recommended that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.