.FIRST NATIONAL BANK OF BROWERVILLE v. FRANK STADDEN
and Another.[1]

February 21, 1908.

Nos. 15,451—(213).

**Partnership—Negotiable Instruments.**

Members of trading copartnerships have implied authority to pledge the credit of the firm by the issuance of negotiable instruments in furtherance of the copartnership business.

**Same.**

But such authority is only an inference or presumption arising from the relationship of the parties, and is not conclusive.

**What Acts Are Unauthorized.**

If the authority and duties of each member of such a copartnership be expressly defined or limited, any act in excess of or beyond the limitations imposed is void, and not binding upon the firm, except as to third persons who without knowledge of the limitations rely upon the implied authority of the individual members.

**Complaint.**

Complaint in this action upon a bill of exchange issued by one member upon another of a trading copartnership *held* to show that the issuance thereof was not within the authority of the copartner issuing it.

Action in the district court for Mille Lacs county to recover $95.50 upon a bill of exchange. W. H. Ferrell was the only defendant who answered. At the trial he objected to the introduction of evidence on the ground that it failed to state a cause of action against him, and the objection was sustained and the action dismissed. From an order, Taylor, J., denying its motion for a new trial, plaintiff appealed. Affirmed.

*Geo. W. Peterson* and *Chas. Keith,* for appellant.

*E. L. McMillan,* for respondent Ferrell.

BROWN, J.

Action upon a bill of exchange, in which, on trial, an objection to the introduction of any evidence under the complaint on the ground that it failed to state a cause of action against defendant Ferrell was

[1] Reported in 115 N. W. 198.

sustained, and the action dismissed. Plaintiff appealed from an order denying a new trial.

The only question presented is whether the complaint states a cause of action against defendant Ferrell. It alleges, in substance and effect, among other things, that plaintiff is a banking corporation doing business at Browerville, this state; that defendants were at all times stated therein copartners under the firm name of W. H. Ferrell & Co., and engaged in the business of buying and selling potatoes; that by the terms of the copartnership defendant Ferrell agreed to furnish all money necessary to conduct the business of the firm, and defendant Stadden agreed to devote his time to the management thereof, making all purchases, sales, and shipments of potatoes during the continuance of the copartnership, namely, for the seasons of 1904 and 1905. It further alleges that "there was no limitation as to the method or manner in which said money for said purposes was to be transmitted or delivered by Ferrell, to defendant Frank Stadden, but that the same was to be furnished and forthcoming generally for the purposes of said partnership as hereinbefore set forth and as occasion required." The complaint further alleges that at plaintiff's banking house in Browerville, on November 21, 1905, defendant Stadden "made a bill of exchange in writing, dated on that day and directed the same to the said defendant W. H. Ferrell, pursuant to the said agreement of the said Ferrell to furnish said money for the purposes of said partnership, the said Ferrell, then being at Princeton, and thereby required him to pay to the order of this plaintiff $94.20, * * * and sold and delivered the same to the plaintiff, the said Stadden representing himself as acting for his copartner, Ferrell," and that plaintiff then paid to Stadden the said sum of money. It alleges that the bill was duly presented to Ferrell and by him repudiated, and also that the money was used by Stadden in the copartnership business; but there is no allegation that Ferrell ever authorized Stadden to raise money in this manner, or that with knowledge thereof he ever ratified or approved this or any similar transaction. On the contrary, the complaint alleges that he refused to honor this draft when it was presented to him for payment. Defendant Ferrell alone answered, interposing a general denial.

A careful consideration of the complaint leads to the conclusion that the trial court did not err in its ruling that it fails to state a cause of action against Ferrell. The action is upon the bill of exchange drawn by Stadden in his own name, upon Ferrell, not in the name of the firm, and the sufficiency of the complaint is determined by the question whether he had authority to pledge the credit of Ferrell in that manner. It is elementary that to bind a copartnership by the act of an individual member it must appear that it was within his actual or implied authority. Shumaker, Part. 169, et seq. It is not claimed in this case that Stadden had actual authority to draw the bill of exchange in question; but it is contended that the complaint shows that defendants were engaged in a trading copartnership, and reliance is had upon the general rule that each member of such an association is an agent of the firm and authorized by implication of law to enter into all such contracts as are necessary to the transaction of the copartnership affairs; that it is unnecessary in such cases to plead either the actual or implied authority to enter into a given transaction, if it appears that it was within the scope and in furtherance of the copartnership business.

The rule invoked is well settled by the authorities. Members of trading copartnerships have implied authority to pledge the credit of the firm by the issue of negotiable instruments in furtherance of the copartnership business. Vetsch v. Neiss, 66 Minn. 459, 69 N. W. 315; Shumaker, Part. 189; Lee v. First National, 45 Kan. 8, 9, 25 Pac. 196, 11 L. R. A. 238; Stevens v. McLachlan, 120 Mich. 285, 79 N. W. 627; Smith v. Collins, 115 Mass. 388. But such authority is only an inference or presumption arising from the relationship of the parties and is not conclusive. It may be shown to have been expressly withheld or its existence negatived by the articles of copartnership. If the authority and duties of each member of the firm be expressly defined or limited, any act in excess of or beyond the restrictions imposed is void, and not binding upon the firm, except as to third persons who, without notice of the limitations, enter into transactions with a member of the firm upon a subject within the scope of the partnership business and in reliance upon the apparent or implied authority of the individual member. In such case, all the partners are liable.

In the case at bar, as we read the complaint, it affirmatively appears that Stadden had neither actual nor implied authority to pledge the credit of his partner by the issuance of this bill of exchange. His authority in the management of the copartnership affairs was expressly defined, and did not include the right to borrow money on the credit of Ferrell for the purpose of conducting the firm business. The complaint alleges that the defendants entered into a copartnership by which Ferrell agreed to furnish all money which might be required for the purchase and shipment of potatoes, and Stadden agreed to devote his time and labor in making all purchases, sales, and shipments. The duties of the partners as thus expressed gave Stadden no authority whatever to raise money for the firm business. Ferrell agreed to furnish money as occasion required, and his failure would not authorize Stadden to borrow on his credit. While money was necessary to conduct the business, the obligation to furnish it was assumed by Ferrell, and by agreeing to do so he cannot be held to have loaned his credit to his copartner. All these facts appear from the complaint, and presumably were within the knowledge of plaintiff at the time of the transaction. At least, there is no allegation that it had no notice of a lack of authority in Stadden, or that it relied upon his implied authority. And as it appears from plaintiff's own allegations that the bill of exchange was issued by Stadden without authority, it is not valid as against Ferrell, and no recovery can be had thereon against him.

Had plaintiff pleaded facts showing a trading copartnership between defendants and the loan of money to Stadden to be used in the conduct of the firm business, without further alleging the limitations upon the duties and obligations of each copartner, a different case would be presented. But plaintiff did not so plead, and the case as disclosed by the complaint involves solely the authority of Stadden to issue the bill of exchange. No question of estoppel arises from a consideration of ostensible or implied authority or course of dealing.

It is urged that plaintiff, on the facts stated, is entitled to recover for money had and received. This claim cannot be sustained. A sufficient answer to this position is that the action was brought upon the bill of exchange, and not for money had and received, and plain-

tiff's right to recover depends entirely upon the authority of Stadden, as a matter of law, from the facts stated, to issue the bill of exchange, and not upon what became of the money. Vetsch v. Neiss, supra. It is probable that, had the case been fully tried out without objections to the introduction of evidence, the court would have been justified in permitting an amendment of the complaint and a recovery for money had and received. But it was not tried, and defendant had the undoubted right, in the absence of an amendment, to confine plaintiff to.the cause of action pleaded, namely, upon the bill of exchange, and this court should not now speculate upon the question .whether the evidence might not have disclosed the right to recover upon some other theory, if the complaint had been amended.

Order affirmed.