APPLETREE SQUARE I LIMITED PARTNERSHIP, et al.,
Appellants,

v.

INVESTMARK, INC., et al., Respondents.

No. C6–92–722.

Court of Appeals of Minnesota.

Jan. 19, 1993.

Review Denied March 16, 1993.

James A. Rubenstein, R. Terri Mandel, and Timothy J. Nolan, O'Connor & Hannan, Minneapolis, for appellants.

Sue Halverson and Mary Hanton, Fredrikson & Byron, P.A., Minneapolis, for respondents.

Considered and decided by CRIPPEN, P.J., LANSING, and KLAPHAKE, JJ.

## OPINION

CRIPPEN, Judge.

Appletree Square One Limited Partnership purchased a commercial office building which is contaminated with asbestos fireproofing materials. Purchasers sued the sellers on various theories of fraud for failing to disclose the presence and hazards of asbestos. Purchasers appeal from summary judgment dismissing each of their claims. We reverse.

## FACTS

Appletree Square I Limited Partnership was formed September 21, 1981, to purchase and operate One Appletree Square, a 15–story office building. The partnership was organized under the 1976 Uniform Limited Partnership Act, Minn.Stat. §§ 322A.01–.87 (1980). Appellants represent the partnership and its affiliates who purchased the property (purchasers). Respondents represent the builders and sellers of the property (sellers), who held interests in the partnership when sale transactions occurred.

This suit is based on two transactions. The building sale occurred in 1981. In 1985, a further acquisition was made by sale of a 25 percent interest in the Appletree partnership. An affiliate of the purchasers, CRI, represented them in both transactions; CRI is a real estate syndication firm. During negotiations for the sale of the property in 1981, CRI wrote a letter to sellers requesting "any information that you have not already sent to us which would be material to our investors' participation in this development." In response, CRI was told to inspect the building and the records, because the sellers "ha[d] no way of knowing what information would be material to your investors' participation."

In 1986, the purchasers learned that the structural steel in the building had been coated with asbestos-based fireproofing, which was deteriorating and releasing fibers. The cost of abatement was estimated at ten million dollars. In their subsequent suit, the purchasers alleged that the sellers were liable for failing to disclose the presence and danger of asbestos. The purchasers sought recovery of damages under theories of breach of contract; violation of the Limited Partnership Act, Minn.Stat. § 322A.17 (1990); violation of the Deceptive Trade Practices Act, Minn.Stat. § 325D.44 (1990); fraud and misrepresentation; and negligent misrepresentation.

The trial court granted respondents' motion for summary judgment, because appellants failed to plead fraud with particularity and because the other claims were time barred. The contract claims were barred by limitations periods in the partnership agreement and by the six-year statute of limitations in Minn.Stat. § 541.05, subd. 1(1) (1990). The statutory claims were barred by the six-year statute of limitations in Minn.Stat. § 541.05, subd. 1(2). The court did not address the negligent misrepresentation claim.

Appellants then moved to amend the judgment and their complaint, adding claims of breach of fiduciary duty and violation of the Minnesota Environmental Response and Liability Act, Minn. Stat. § 115B.16 (1990). Appellants argued that fraudulent concealment tolled the statute of limitations for their other claims. The trial court denied appellants' motion because respondents still would be entitled to summary judgment under the amended complaint. The court stated that under Minn.Stat. § 322A.28 and the partnership agreement, the partners' fiduciary duties were only to render, on demand, true and full information. Because appellants had not demanded information about asbestos, respondents had not breached their fiduciary duty of disclosure. The finding that respondents had not breached a duty to disclose disposed of the fraud and fraudulent concealment claims. Additionally, the environmental liability statute did not apply because it took effect after the 1981 trans-

action and because it applies to the sale of real estate, not partnership interests.

## ISSUES

1. Is a partner's common law duty to disclose material information to other partners limited by the Uniform Limited Partnership Act or the partnership agreement?

2. Did appellants submit sufficient evidence on their breach of duty claim to avoid summary judgment?

## ANALYSIS

■ This appeal turns on whether respondents had a fiduciary duty to disclose to appellants the presence and danger of asbestos. If such a fiduciary duty existed, the trial court must address triable issues on appellants' claims of breach of duty to disclose, fraud, and negligent misrepresentation. In addition, fraudulent concealment tolls the statute of limitations so appellants may have additional claims for breach of contract, violation of the Limited Partnership Act, Minn.Stat. § 322A.17 (1990); and violation of the Deceptive Trade Practices Act, Minn.Stat. § 325D.44 (1990). The trial court properly held that the environmental liability statute has no application to this case. Minn.Stat. § 115B.16 (1990). This enactment, which took effect in 1983, applies to the transfer of real estate, not partnership interests. *Id.*

### 1.

#### Common Law Duty of Disclosure

■ Absent a fiduciary relationship, one party to a transaction has "no duty to disclose material facts to the other." *Midland Nat'l Bank of Mpls. v. Perranoski,* 299 N.W.2d 404, 413 (Minn.1980). In this case, appellants and respondents were partners in a limited partnership. The relationship of partners is fiduciary and partners are held to high standards of integrity in their dealings with each other. *Id.* at 413, n. 10, *Prince v. Sonnesyn,* 222 Minn. 528, 535, 25 N.W.2d 468, 472 (1946), *Kitzman v. Postier & Kruger Co., Inc.,* 204 Minn. 343, 346, 283 N.W. 542, 543 (1939). Parties in a

fiduciary relationship must disclose material facts to each other. *Klein v. First Edina Nat'l Bank,* 293 Minn. 418, 421, 196 N.W.2d 619, 622 (1972). Where a fiduciary relationship exists, silence may constitute fraud. *Toombs v. Daniels,* 361 N.W.2d 801, 809 (Minn.1985). Under the common law, respondents had a duty to disclose information regarding asbestos if they knew about it.

#### Uniform Limited Partnership Act and Duties of Disclosure

■ The trial court held that the Uniform Limited Partnership Act changed the common law duties of disclosure. Minn. Stat. § 322A.28(2) (1990) states that limited partners have the right, "upon reasonable demand," to obtain information from the general partners. This statute mirrors the disclosure requirement in the Uniform Partnership Act and should be interpreted similarly. *See* Minn.Stat. § 323.19 (1990). The trial court held that because appellants did not demand information about asbestos, respondents had no obligation to disclose the information.

The trial court's holding is contradicted by a proper interpretation of the disclosure statute. Minn.Stat. § 322A.28(2) addresses the narrow duty of partners to respond to requests for information. It does not negate a partner's broad common law duty to disclose all material facts. *See* H. Reuschlein and W. Gregory, *Handbook on the Law of Agency and Partnership,* 285 (1979) (the duty to render information is not the same as the duty to disclose). This view has been accepted by other jurisdictions that have adopted the uniform acts governing general and limited partnerships. *See Band v. Livonia Assocs.,* 439 N.W.2d 285, 294 (Mich.App.1989) ("section 20 [of the Uniform Partnership Act] has been broadly interpreted as imposing a duty to disclose all known information that is significant and material to the affairs or property of the partnership"), *appeal denied* (Mich. Dec. 28, 1989); *Peskin v. Deutsch,* 134 Ill.App.3d 48, 89 Ill.Dec. 28, 32, 479 N.E.2d 1034, 1038 (1985) (partners owe each other the "duty to make full and

fair disclosure"), *appeal denied* (Ill. Dec. 4, 1985); *Covalt v. High*, 100 N.M. 700, 675 P.2d 999, 1001 (App.1983) ("[a]s a fiduciary, each partner has a duty to fully disclose to the other, all material facts which may affect the business of the partnership"), *cert. denied*, 100 N.M. 631, 674 P.2d 521 (1984). Minn.Stat. § 322A.28(2) did not eliminate respondents' common law duty to disclose material information to their partners.

**Contractual Duties of Disclosure**

█ The trial court also held‚ that the parties limited their duties of disclosure in their contract. The contract stated that the general partners would "provide the partners with all information that may reasonably be requested." Again, appellants never requested information.

█ Partners may change their common law and statutory duties by incorporating such changes in their partnership agreement. *See* Minn.Stat. § 322A.33; *see also Sharp v. Laubersheimer*, 347 N.W.2d 268, 271 (Minn.1984), *First Nat'l Bank of Browerville v. Stadden*, 103 Minn. 403, 405, 115 N.W. 198, 199 (1908). However, where the major purpose of a contract clause is to shield wrongdoers from liability, the clause will be set aside as against public policy. *See Ganley Bros., Inc., v. Butler Bros. Bldg. Co.*, 170 Minn. 373, 376–77, 212 N.W. 602, 603 (1927) (a party cannot escape liability for fraudulent statements by providing in the contract that the other party should not rely on them). Additionally, while "partners are free to vary many aspects of their relationship * * * they are not free to destroy its fiduciary character." *Saballus v. Timke*, 122 Ill.App.3d 109, 77 Ill.Dec. 451, 456, 460 N.E.2d 755, 760 (1983) (quoting H. Reuschlein and W. Gregory, *Handbook on the Law of Agency and Partnership*, 268 (1979)).

To hold that partners may replace their broad duty of disclosure with a narrow duty to render information upon demand would destroy the fiduciary character of their relationship, and it would also invite fraud. Unless partners knew what questions to ask, they would have no right to know material information about the business. In this case, if respondents knew the building was contaminated with asbestos and if they reasonably should have known their partners did not know about the asbestos, they may have breached their fiduciary duty of disclosure. *See Murphy v. Country House, Inc.*, 307 Minn. 344, 351, 240 N.W.2d 507, 512 (1976).

2.

**Knowledge of Sellers**

█ The evidence here is sufficient to create a genuine fact issue of whether respondents knew of the presence of asbestos in the building and knew before the 1985 transaction of the danger now associated with this use of the substance. Respondents argue that appellants pleaded knowledge of the presence of asbestos, but not knowledge of its hazards, and thus that knowledge of the hazards of asbestos was not preserved on appeal. Appellants' pleadings, however, alleged that respondents knew asbestos was present and also suggested that respondents understood the significance of that presence.

**Justifiable Reliance**

The trial court determined that any alleged breach of a partner's duty to disclose was defeated by evidence that the purchasers inadequately investigated the transaction. The trial court held as a matter of law that appellants were not justified in relying on respondents to disclose the presence and danger of asbestos. The court based its decision on the fact that respondents told appellants to conduct their own investigation and on its finding that appellants were sophisticated buyers. A fiduciary's duty is defined "with reference to the experience and intelligence of the person to whom the duty is owed." *Perranoski*, 299 N.W.2d at 413.

The record here does not permit the holding as a matter of law that appellants were not justified in relying on respondents. The sellers designed and built the building and thus may have had superior knowledge about the asbestos. The buyers' expertise appears to have been in the area of finance and marketing. In an affidavit, respon-

dent's former vice president who had supervised the construction of the building stated:

CRI and its affiliates were involved in only the financial aspects of development and they would have looked to Ellerbe companies for information regarding asbestos or any other information about construction materials or hazards in One Appletree Square.

The unique qualifications of the buyers and sellers in this case create questions of fact regarding the relative sophistication of the parties. The fact-finder must weigh this evidence to determine whether the buyers' reliance on disclosures was reasonable.

There is no compelling evidence that either the building specifications or a visual inspection of the building should have revealed the asbestos. Moreover, although the purchasers had partnership authority over management of the building prior to the 1985 partnership interest buyout, respondents were managers in fact from 1972 (when the building was constructed) to 1985. To discover asbestos on their own, appellants would have had to know enough to ask about it or know enough to have various building materials tested.

Finally, the fact that respondents told appellants to investigate did not make appellants' reliance unreasonable as a matter of law. Respondents' statement did not specifically tell appellants not to rely on them. Moreover, even if respondents had told appellants not to rely on them, that statement would not necessarily make reliance unreasonable. Evidence in the record permits a finding that respondents had superior knowledge and knew appellants did not know about the asbestos. These are fact questions which must be answered to determine whether respondents neglected their fiduciary duty to inform appellants. *See Murphy,* 307 Minn. at 351, 240 N.W.2d at 512 (fact issues on seller's knowledge).

**Duty to Discover**

▆ Fraudulent concealment of facts tolls limitation periods. *Cohen v. Appert,* 463 N.W.2d 787, 790–91 (Minn.App.1990) (reviewing elements of doctrine first adopted in Minnesota in 1931), *pet. for rev.*

*denied* (Minn. Jan. 24, 1991 and Mar. 27, 1991). Breach of a fiduciary duty to disclose facts is one variety of fraudulent concealment. *Id.* Appellants claimed the tolling of limitation periods on its fraud and contract claims; respondent argues that tolling is prevented by the principle that one claiming fraudulent concealment must show that reasonable diligence would not have produced the earlier discovery of facts. *See id.* at 791. The trial court determined as a matter of law that reasonable diligence of appellants would have prompted their discovery of facts about asbestos before 1986.

▆ Reasonable diligence is generally a question of fact. *Id.* Where a fiduciary relationship exists, a delay in discovering the concealed facts may be excusable. *Murphy,* 307 Minn. at 351, 240 N.W.2d at 512; *Hobbs v. Eichler,* 164 Cal.App.3d 174, 210 Cal.Rptr. 387, 404 (Cal.App.1985). We have found in the circumstances of this case a triable claim of breach of respondents' fiduciary duty to appellants. As discussed earlier, the evidence permits a finding that appellants justifiably relied on disclosures of respondents to furnish information vitally affecting appellants' choice to buy a commercial building. If appellants were justified in relying on respondents to disclose information about asbestos, their duty to seek information independently was legally excused. *Hobbs,* 210 Cal.Rptr. at 404. Appellants presented sufficient evidence to preclude summary judgment on its fraudulent concealment claim.

As a final note, we observe that summary judgment was granted in this case despite requests for further discovery. After completion of adequate discovery, it remains the prerogative of the trial court to reassess the sufficiency of the evidence.

**DECISION**

The trial court erred in holding that respondents' common law duties of disclosure were limited by the Uniform Limited Partnership Act and by the partnership agreement. The court also erred in determining issues of material fact regarding appellants' reliance on disclosures of respon-

dents and in determining reasonable diligence. We reverse summary judgments for respondents. Further proceedings are to occur in accordance with this opinion.

*Reversed.*