This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**W. KENNEY SANCHEZ and**
**DARLENE R. SANCHEZ,**
**individually and as Parents,**
**Guardians and Next Friends of**
**SHERRI SANCHEZ, CHRISTY**
**SANCHEZ, and WILLIAM SANCHEZ,**
**Minors,**

     Plaintiffs-Appellants,

v.                        **NO. 28,872**

**ALLSTATE INSURANCE COMPANY,**

     Defendant-Appellee,

and

**AMREP SOUTHWEST, INC., AMREP**
**CONSTRUCTION CORPORATION, and**
**THE BLUE REVIEW INC.,**

     Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Dixon, Scholl & Bailey, P. A.
A. Brent Bailey
David M .Wesner

Albuquerque, NM

for Appellants

Simone, Roberts & Weiss, P.A.
Stephen M. Simone
Meena H. Allen
Albuquerque, NM

for Appellee Allstate Insurance Company

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

In this case, we determine whether an insurance company, Allstate Insurance Company (Allstate), owes its insureds, Kenny and Darlene Sanchez and their three minor children (Plaintiffs), a fiduciary duty to disclose that toxic mold may be a potential hazard resulting from water intrusion into Plaintiffs' house under circumstances where it is undisputed that neither the roof leak that brought on the water intrusion nor toxic mold are losses covered by the applicable homeowners insurance policy. We hold that Allstate does not have a fiduciary duty of disclosure under the circumstances of this case. Accordingly, we affirm the district court's decision to deny Plaintiffs' motion to reconsider its decision to grant Allstate summary judgment and dismiss it from the case.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are undisputed. On April 27, 2007, Plaintiffs filed a complaint for damages to their home and health due to defective roof construction, water leakage, and toxic mold exposure. The complaint was filed against the builder of Plaintiffs' house, Amrep Southwest, Inc. or Amrep Construction Corporation (Amrep); the homeowners' insurance company, Allstate; and the company that provided the home inspection services in connection with Plaintiffs' purchase of the house in February 2001, The Blue Review, Inc. (Blue Review). The complaint asserts that the house was defectively built with concrete roof tiles covering the roof and a roof structure insufficient to support the weight of the roof tiles. In addition, the roof membrane underlying the concrete tiles is alleged to have been improperly installed, specified, manufactured, and/or designed. Prior to purchasing the house, Plaintiffs hired Blue Review to conduct a home inspection, and, according to Plaintiffs, the inspection report failed to disclose conditions in the home that posed a risk of personal injury and property damage to Plaintiffs.

During an intense rain storm sometime between April and June 2004, an outdoor balcony outside the son's bedroom collapsed. Plaintiffs moved outdoor furniture and toys from under the collapse and placed a trash can under the hole. On July 4, 2004, Plaintiffs found the first signs of a roof leak inside the house. Plaintiffs called Allstate to report the leak. Allstate visited the home and photographed the

damage. In August 2004, Allstate contacted Doyle Roof Masters, Inc. to inspect the roof, determine the cause of the leaks, and provide an evaluation of the maintenance and preventative maintenance that was necessary. Mr. Doyle, who has been in the roofing business for about thirty years, concluded that water penetration from the roof was the result of normal wear and tear and a lack of regular roof maintenance, not the result of wind-driven rain or storm damage. Besides the damage to their home, Plaintiffs' complaint asserts that the water intrusion created conditions under which mold grew and spread, and they were exposed to toxic mold, which made them sick.

In 2004 and 2005, Plaintiffs made claims under their homeowners insurance policy with Allstate for the alleged property losses and health damages. Allstate denied the claims based on the policy's exclusions for losses caused by wear and tear, faulty construction or maintenance, and mold, including "loss which, in whole or in part, arises out of, is aggravated by or results from mold."

Plaintiffs sued Allstate under four theories: (1) breach of contract; (2) common law insurance bad faith; (3) violations of the insurance code; and (4) violations of the Unfair Practices Act (UPA). Allstate moved for summary judgment on all counts based on the policy exclusions. The district court granted Allstate's motion for summary judgment, dismissing Plaintiffs' complaint against Allstate without prejudice. Noting that Plaintiffs had cited no authority to support the duty theory they

asserted in their summary judgment response, the district court judge stated that he would entertain a motion to reconsider for that purpose. Plaintiffs filed a motion to reconsider, which the district court denied. This appeal followed.[1] We turn now to the merits of the appeal.

**DISCUSSION**

**A.      Standard of Review**

We review a district court's grant of summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted). The existence of a duty is a question of law, which we

---

[1]Although the appeal was filed as an interlocutory one, the effect of the order denying Plaintiffs' motion to reconsider was to grant summary judgment to Allstate and dismiss it from the case. *See* Rule 1-054(B)(2) NMRA ("When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment."); *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 14, 138 N.M. 70, 116 P.3d 861.

review de novo. *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 43, 133 N.M. 669, 68 P.3d 909 ("The existence of a duty . . . remains a question of law for the [district] court to determine and is answered by reference to legal precedent, statutes, and other principles comprising the law.").

**B.      Issue on Appeal**

We begin our discussion by clarifying what matters are no longer at issue or under consideration on appeal.  As mentioned above, Plaintiffs sued Allstate under four theories:   (1) breach of contract; (2) common law insurance bad faith; (3) violations of the insurance code; and (4) violations of the UPA.  Allstate moved for summary judgment based on the policy exclusions as dispositive of all of Plaintiffs' claims against Allstate in the complaint.  Plaintiffs' response did not contest the facts leading up to the losses.  Plaintiffs did not dispute the opinion of Allstate's expert, Mr. Doyle, as to the cause of the roof leaks.  Plaintiffs did not contest that the alleged losses caused by water leaks and toxic mold are exclusions under Plaintiffs' homeowners insurance policy with Allstate.  Plaintiffs did not assert that Allstate's actions in determining that Plaintiffs' losses were not covered under the policy constituted bad faith, violated the insurance code, or the UPA.

Instead, Plaintiffs asserted in their response that Allstate had breached its duty to warn Plaintiffs of toxic mold danger, breached its duty to investigate potential toxic

6

mold danger to Plaintiffs, and breached its obligation to provide Plaintiffs with alternate lodging while it investigated the potential toxic mold danger. Plaintiffs provided the affidavit of Plaintiff Darlene Sanchez stating that Allstate had not warned Plaintiffs of toxic mold danger, investigated any such danger to Plaintiffs, or provided Plaintiffs with alternate lodging while it investigated any potential for such danger. Plaintiffs also provided the affidavit of an expert in the insurance field, Mr. Everette Lee Herndon, Jr., who simply asserted that insurers such as Allstate have the duty to warn Plaintiffs of toxic mold danger, investigate the potential for mold danger, and provide Plaintiffs with alternate lodging while investigating the potential danger. Neither Mr. Herndon's affidavit nor Plaintiffs' response, however, cited any provision in the insurance contract, case law, statutes, including the UPA or the insurance code, or recognized public policy precedent to support the assertions that, as a matter of law, Allstate had a duty to warn or to disclose to Plaintiffs the possibility of the risk of mold contamination in their home.

At the hearing on the motion for summary judgment, the district court noted, and Plaintiffs acknowledged, that they are not contesting the facts leading up to the alleged losses, the opinion of Allstate's expert, or that the alleged losses were exclusions under the insurance contract. These matters are no longer at issue in this case. While Plaintiffs' response to the motion asserted Allstate had breached a duty

7

to them, at the hearing, the district court noted, and Plaintiffs acknowledged, that they had not provided any authority to support their theory that, as a matter of law, Allstate had some kind of duty to warn or to disclose to Plaintiffs the possibility of the risk of toxic mold in their home following the roof leaks. The district court entertained Plaintiffs' motion to reconsider for that purpose.

In the motion to reconsider and on appeal, Plaintiffs contend that Allstate's duty to Plaintiffs was a fiduciary one. Plaintiffs rely on cases that, they contend, stand for the proposition that Allstate is a fiduciary of Plaintiffs and, as a fiduciary, Allstate had a duty to disclose material facts to Plaintiffs, including known environmental hazards such as toxic mold. The district court was unconvinced, however, and denied the motion to reconsider. We turn now to consider this issue.

**C. Whether Allstate had a Fiduciary Duty in Connection with Its Investigation of a Roof Leak to Warn or to Disclose to Plaintiffs Potential for Toxic Mold in Their Home**

**1. Plaintiffs' Arguments**

Plaintiffs first contend that Allstate was a fiduciary of Plaintiffs by virtue of the insurance relationship and therefore owed Plaintiffs fiduciary duties. Plaintiffs assert that under New Mexico law, an insurer is a fiduciary of its insureds at all times during the performance of contractual duties, not merely when coverage is present pursuant to the insurer's evaluation of the policy. Plaintiffs argue that Allstate owed Plaintiffs

fiduciary duties as soon as Plaintiffs filed their 2004 claim because that filing initiated Allstate's claim adjustment process. Further, the claim adjustment process is the performance of obligations under the insurance contract, which, in New Mexico, is the condition giving rise to the insurer's fiduciary duties. According to Plaintiffs, the fact that Allstate determined that there was no coverage for Plaintiffs' loss is irrelevant because, under New Mexico law, the insurance relationship is inherently a fiduciary one.

Second, Plaintiffs contend that, as Plaintiffs' fiduciary, Allstate owed Plaintiffs the duty to disclose its superior material information about possible mold danger to them. According to Plaintiffs, as a fiduciary, Allstate is held to a different standard of disclosure than a nonfiduciary provider of services. Allstate had a duty to disclose material facts known only to one party to the relationship, and Allstate breached its duty of disclosure by making no effort to determine Plaintiffs' knowledge of mold danger. Plaintiffs assert, without any evidentiary support, that "Allstate operates nationwide, in all climates and environments, and is therefore experienced with phenomena, such as mold, that are comparatively uncommon in New Mexico." Plaintiffs assert Allstate was bound to disclose that Plaintiffs could be in danger of potentially debilitating toxic mold exposure because Allstate had superior knowledge, and the information is material and within its exclusive control.

**2.** **Allstate's Fiduciary Duty to Plaintiffs to Warn or Disclose the Potential Risks of Toxic Mold Exposure**

**a.** **Fiduciary Duty in the Insurance Contract Context**

"A fiduciary relationship exists when special confidence has been placed in one party who in equity and good conscience is bound to act in good faith and with due regard to the interests of the other party." *Azar*, 2003-NMCA-062, ¶ 54. "In the insurance context, New Mexico courts have recognized a fiduciary duty because of the fiduciary obligations inhering in insurance relationships and because of concerns arising from the bargaining position typically occupied by the insured and the insurer." *Id.* (internal quotation marks and citation omitted). "An insurance relationship alone, however, is not enough to give rise to a fiduciary relationship." *Id.* "Instead, an insurer assumes a fiduciary obligation toward an insured only in matters pertaining to the *performance* of obligations in the insurance contract." *Id.*

In New Mexico, the common law duty to disclose may arise from a fiduciary relationship between the parties. *See, e.g.*, *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 701, 858 P.2d 66, 77 (1993) (discussing that "[i]f there is a confidential or fiduciary relationship between the parties, the failure to disclose material facts or the suppression of material facts when required to disclose them, which induces detrimental reliance, may constitute fraudulent concealment"). As such, where there is a duty to disclose, a claim for fraud may be predicated on

concealment. *See Azar*, 2003-NMCA-062, ¶ 60; *see also R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 108 N.M. 84, 88, 766 P.2d 928 (Ct. App. 1988) (recognizing that "a party can only be held liable for nondisclosure when there was a *duty* to disclose [which] is generally a question of law for the trial court to decide"). We have held that the insurer/insured fiduciary relationship does not impose a duty on the insurer to disclose modal premiums that are clearly set forth in the policy. *Azar*, 2003-NMCA-062, ¶ 55.

**b.    Allstate Does Not Have a Fiduciary Duty to Plaintiffs to Warn or Disclose Potential Risks of Mold Growth and Toxic Mold Exposure After Water Leak**

First, because Plaintiffs failed to establish that Allstate had a fiduciary duty to Plaintiffs to disclose to them the potential risks of mold growth and toxic mold exposure, Plaintiffs have failed to show there are any issues of material fact requiring a trial. Mr. Herndon's and Plaintiff Darlene Sanchez's affidavits assert that Allstate did not warn Plaintiffs of the dangers of toxic mold exposure, did not investigate the possibility of Plaintiffs' exposure to toxic mold in their home, and did not provide Plaintiffs with alternate lodging while investigating the possibility of toxic mold exposure to Plaintiffs at their home. Mr. Herndon's  affidavit further states that, if Allstate "knew or had reason to know" that toxic mold was present in Plaintiffs' house, then Allstate had the duty to warn or disclose the potential risks of toxic mold

11

exposure to Plaintiffs. Plaintiffs contend that these affidavits were sufficient to establish Allstate's duty to Plaintiffs and create material issues of fact for trial with regard to breach, causation, and damages. We disagree.

Mr. Herndon's and Plaintiff Darlene Sanchez's affidavits assert that Allstate breached its duty to Plaintiffs without first establishing that a duty existed. *See Solon v. WEK Drilling Co.*, 113 N.M. 566, 571, 829 P.2d 645, 650 (1992) ("It is thoroughly settled in New Mexico, of course, that whether the defendant owes a duty to the plaintiff is a question of law."); *Schear v. Bd. of County Comm'rs*, 101 N.M. 671, 672, 687 P.2d 728, 729 (1984) ("Whether a duty exists is a question of law for the courts to decide."); *Beal v. S. Union Gas Co.*, 66 N.M. 424, 436-37, 349 P.2d 337, 346 (1960) (holding that neither expert nor non-expert witnesses are permitted to give opinions on questions of law). In addition, as the district court recognized, Mr. Herndon's affidavit does not explain any basis or authority for its legal conclusions. *See Shamalon Bird Farm, Ltd. v. U.S. Fid. & Guar. Co.*, 111 N.M. 713, 715, 809 P.2d 627, 629 (1991) (holding that "an expert witness must satisfactorily explain steps followed in reaching [a] conclusion and give reasons for his opinion"). Finally, although the district court recognized the lack of support for Mr. Herndon's assertions, Plaintiffs did not provide any additional arguments or materials from Mr. Herndon in support of the motion to reconsider. Similarly, on appeal, Plaintiffs do not further

12

rely on Mr. Herndon's affidavit to establish Allstate's alleged fiduciary duty. Under the circumstances, we agree with the district court that Mr. Herndon's affidavit is not sufficient to establish that, as a matter of law, Allstate had a fiduciary duty to warn or disclose to Plaintiffs the potential risk of mold exposure in a situation where it is undisputed that neither the alleged losses arising from the water leak nor the alleged losses resulting from mold growth or exposure are covered by the insurance contract.

Second, as we have discussed, New Mexico case law is clear that "an insurer assumes a fiduciary obligation toward an insured only in matters pertaining to the *performance* of obligations in the insurance contract." *Azar*, 2003-NMCA-062, ¶ 54. Thus, while the insurer has a fiduciary duty to deal in good faith with its insured, this duty arises from the express terms, obligations, and conditions of the insurance policy. *Id.* ¶ 58 ("The implied covenant of good faith and fair dealing is a more limited concept in that it requires the existence of an underlying contract and may not be used to override the express provisions of an integrated, written contract."). The insurance policy terms expressly set forth the obligations of the parties and the losses that are covered and those that are excluded. The homeowners insurance policy at issue in this case does not require Allstate to investigate for toxic mold nor to warn Plaintiffs of the potential risks of toxic mold exposure after a water leak. Plaintiffs have not directed this Court to any language contained in the policy suggesting that Allstate has

such an obligation under the circumstances of this case, and without such an obligation, Allstate cannot be held to have breached its duty or caused Plaintiffs' alleged damages.

Third, Plaintiffs argue that once the fiduciary duty is established, fiduciaries have a general duty of disclosure. In making that argument, they cite to out-of-state authorities that discuss an alleged duty to disclose the danger of using silicone in the human body, *Dow Chemical Co. v. Mahlum*, 970 P.2d 98 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001), and the presence of asbestos in a building being sold, *Appletree Square I Ltd. v. Investmark, Inc.*, 494 N.W.2d 889 (Minn. Ct. App. 1993). These two cases merely recognize what our case law in New Mexico provides—that when a fiduciary relationship exists, there is a general duty of disclosure. In *Dow Chemical*, the court determined that there was no fiduciary duty of disclosure on the part of Dow Chemical because there was no relationship of any kind between Dow Chemical and the plaintiffs. 970 P.2d at 110-11. In *Appletree Square*, the court held that the parties, the buyer and the seller of the property, had a fiduciary relationship as partners, and, as such, the seller should have disclosed its knowledge of asbestos in the building being sold. 494 N.W.2d at 892-93. These cases do not persuade us that Allstate had a fiduciary duty to Plaintiffs under the circumstances of this case.

14

Finally, with regard to adjusting the claim in this case, after Allstate performed its investigation and determined that the roof leaks were not covered claims, there was no other performance due under the contract. Allstate had no further obligation, nor any exclusive control over the situation, to serve as an adviser or as an expert to Plaintiffs to caution them that there was a potential for mold growth after a water leak. In this regard, Plaintiffs have presented no evidence whatsoever that Allstate should have or does have superior knowledge regarding mold growth and exposure in New Mexico. Plaintiffs' mere assertions that Allstate does business in other states does not mean that Allstate has superior knowledge about mold in New Mexico. *See, e.g.*, *V.P. Clarence Co. v. Colgate*, 115 N.M. 471, 472, 853 P.2d 722, 723 (1993) ("[T]he briefs and arguments of counsel are not evidence upon which a [district] court can rely in a summary judgment proceeding."). Even assuming that Allstate did have any such superior knowledge about mold, as a matter of law, no fiduciary duty to Plaintiffs on this matter existed, and Allstate was not, therefore, under a duty of disclosure to them. *See, e.g.*, *Cont'l Potash, Inc.*, 115 N.M. at 701, 858 P.2d at 77 (recognizing that, "[w]ithout a fiduciary duty, no duty to disclose or speak exist[s]," and "[a]bsent a fiduciary duty to speak[,] . . . silence, nondisclosure, or denials . . . are insufficient to constitute fraudulent concealment").

**CONCLUSION**

15

We deny Plaintiffs' request for oral argument.  We affirm the district court's order granting summary judgment to Allstate.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JONATHAN B. SUTIN, Judge**


_____
**ROBERT E. ROBLES, Judge**